## THE MANUFACTURERS & FARMERS BANK *vs.* J. M. MATHEWS.

### July Term, 1868.

The M. & F. B. brought an action of assumpsit on a bill of exchange against M. & G., as partners.   M. demurred to the declaration, pleaded non assumpsit and the statute of limitations, and issue was joined thereon.   An amended declaration was subsequently filed, alleging the bill to be lost, to which M. also pleaded non assumpsit.   M. filed an affidavit at the same term when the amended declaration was filed, denying the partnership. The M. & F. B. then moved a continuance.   M. thereupon withdrew his affidavit denying the partnership.   The court refused a continuance, and the plaintiff being unable to proceed with the proof under the amended declaration, was non suited, which the court at a subsequent term refused to set aside.   HELD:

1. That the court erred in refusing a continuance and also in not setting aside the non-suit.

2. The plaintiff was entitled to a rule to reply to the defendants' plea to the amended declaration.

3. Parties to a suit are respectively entitled to a month to declare, plead, reply, rejoin, &c.   Code 1860, chap. 171, sec. 4.   And it is immaterial whether the case be at rules or in term,   *Ib.*, sec. 5.

The Manufacturers and Farmers Bank, of Wheeling, instituted an action of assumpsit in the circuit court of Ohio county, in October, 1865, against John M. Mathews and James Gittings, partners, under the firm of J. M. Mathews & Co., upon a bill of exchange dated September 22d, 1856, due in sixty days.   The declaration was filed at the November rules, 1865.   At the March term, 1866, the defendant Mathews demurred to the declaration, pleaded non assumpsit and the statute of limitations, and issue was joined. The demurrer was overruled at the October term following.

*See page 1.

Leave was granted at the December term, 1866, to file an amended declaration, containing two counts, alleging that the bill was lost, to which the defendant pleaded non assumpsit. On the 18th day of December an affidavit was filed by the defendant Mathews denying the partnership, and two days afterwards the plaintiff moved a continuance of the cause, alleging, and filing affidavits to show, that the principal proof of the partnership arising on the defendant's affidavit was in the city of Baltimore. Whereupon the defendant withdrew his affidavit and the court refused a continuance, to which the plaintiff excepted. The plaintiff not being able to proceed was non suited. At the March term, 1867, the plaintiff moved to set aside the non suit, which motion was docketed and continued until the May term following, when it was overruled. The case came to this court on two bills of exception, one to the refusal of the court to grant a continuance, and the other to the refusal to set aside the non suit.

*D. Peck* for the plaintiff in error.

BROWN, President. The plaintiff in an action of assumpsit, on leave, files an amended declaration, to which the defendant at once files his plea.

Is the plaintiff entitled of right, if he requires it, to a rule to reply?

If he is, then it was error in the court to refuse him a continuance and put him to a non suit. And for the same reason it was like error to refuse to set aside the non suit, and more especially so where, as in this case, another action for the debt would be barred by the statute of limitations, and where, without unnecessary delay on the part of the plaintiff after suit brought, and under the peculiar circumstances of the case, a continuance was necessary to enable the plaintiff to procure the proof necessary to sustain the action. The English practice was to give the party a reasonable time, (Gilman 228), but our statute, Code 1860, chap. 171, sec. 4, gives to the parties respectively a month

to declare, plead, reply, rejoin, &c; and by the 5th section it is immaterial whether the case be at rules or in term.

I think, therefore, that the plaintiff had a right to time to reply and also a good ground for a continuance. *Jacob* vs. *Sale*, Gilmer, 123. And that by replying immediately he manifested no disposition to delay and did not thereby prejudice a just cause for a continuance. The court erred in refusing the continuance asked, and also in refusing to set aside the non suit produced by the refusal to continue. The judgment, therefore, should be reversed, the non suit set aside, the cause reinstated and remanded to the circuit court for further proceedings to be had therein.

Judge Maxwell concurred.

JUDGMENT REVERSED.