CHRISTIAN, J.,
delivered the opinion of the court.
This case is before us on a writ of error to a judgment of the circuit court of Russell county. Tt appears from a transcript of the record that three several attachments were issued out of the clerk’s office of the county court *of Russell on the 14th day of October, 1868, against the estate of A. L. Hendricks (alleged to be an absconding debtor), and in favor of James H. Fuller, A. G. Smith and E. D. Kernan, respectively, who were the attaching creditors. These attachments directed the sheriff so to secure the attached effects or estate “that the same may be forthcoming and liable to further proceedings thereupon to be had before the said county court at the next March term thereof.” And he was further directed to make return on the next rule day «(last Monday in October), as to how he had executed said attachment.
At the following January term of the county court of Russell, which it is admitted was a monthly and not a quarterly term of said court, the following order was entered in the case of Fuller v. Hendricks, and similar orders in the cases of the other two attaching creditors;
“The plaintiff having obtained an attachment against the estate of the defendant, and having had Robert E. Withers and William E. Sutton summoned as garnishees, this day came as well the plaintiff by his attorney, as the said Robert E Withers and W. E. Sutton. in their own proper persons, who being duly sworn, the said Robert T. Withers acknowledged himself indebted to the defendant in the sum of $525, with interest thereon from the 45th day of October, 1868, and the said W. E. Sutton acknowledged himself indebted to the defendant in the sum of $100. Therefore it is considered by the court that the plaintiff recover of the defendant the sum of $880, with legal interest thereon from the 1st day of November, 1860, till paid. And it is further ordered that the plaintiff recover of R. E. Withers the sum of $535, with legal interest thereon from the 15th day of October, 1868, and of William E. Sutton the sum of $100, which amounts are to be paid pro rata on this and two other judgments obtained against the defendant, one in favor of A. G. Smith, the other in *favor of E. D. Kernan and Malissa O. his wife; which judgments are subject to prior liens, if there be any.”
At a subsequent monthly term of said county court the following order was entered in each of the three attachment cases:
“R. E. Withers having heretofore stated that he owed A. E. Hendricks $535, and a doubt arising as to who is entitled to said sum, it is ordered that J. E. McElheuney, who is hereby appointed a receiver for the purpose, do collect and loan out the said stun until the further order of the court.”
It further appears that the plaintiff in error, Withers, in accordance with this order of the county court, paid over to the receiver the amount adjudged to be due from him to Hendricks, the attachment debtor.
Thus matters stood until the 23d September, 1873, when the attaching creditors sued out of the clerk’s office of the county court of Russell, a scire facias upon the judgment of said court rendered at the January term, 1869, above referred to. By agreement of parties, and for reasons stated in the order, the causes were consolidated and removed to the circuit court of Russell. When the case came on to be heard in the circuit court the appellant, Withers, appeared and tendered his demurrer to the scire facias, which being overruled, he pleaded nul tiel record and payment. The plea of nul tiel record was rejected, and the cause was heard upon the plea of payment. In support of the plea of ! payment, Withers offered in evidence the ¡ order of the county court above referred to. ; directing him to pay the amount ecHu 'ged against him as garnishee, into the hands of ! the receiver of the court, together with the report of the receiver showing that the money i had been paid to him by Withers, and that he (the receiver) had loaned it out to meet ‘the order of the court. A jury being waived, and the matters of law and fact being submitted to the court, judgment was entered in each case against the garnishee, Withers, for the sum of $535, with interest from 15th October, 1868. to be paid pro rata to each of the attaching creditors; the court, as shown by the record, “being of opini ion that the judgment of the county court rendered at its January term. 1869, was a final judgment, and though very peculiarly expressed, yet having been acquiesced in and unappealed from, the parties were, so far as it would avail, entitled to its benefit and bound by its terms. And it not appearing that the plaintiff in either case assented to the order of the court rendered at its February term, 1870, or either appeared or had notice of the action of the court, this court was further of opinion that so far as these plaintiffs were concerned the order appointing a receiver was void, and a payment made to him, though they actually came to the receipt of the money, could not bar them; and i thereupon ordered the judgments to be re-i vived in each case, though the judgments ! are each for the identical same sum. The court was of opinion that but one satisfacj tion could be had, as in each case the plaintiff assented to hold as trustee for the others as beneficiaries, and if, after one satisfaction, the parties should attempt to proceed, the court would interpose and quash anv further execution. This court coukl only revive the judgments just as they stood originally, or else hold them void.”
To this judgment of the circuit court *188 Withers applied for and obtained a writ of error from one of the judges of this court.
The court is of opinion that the judgment of the circuit court is erroneous.
It is well settled that an attaching creditor can have n.OÉ judgment against a garnishee until he has first established his claim against his debtor.' The court ought never to render judgment against a garnishee until the debt, claim or demand of the plaintiff in the attachment *is established by-decree or judgment of a court of competent jurisdiction. See Drake on Attachments (§460), where the learned author says: “As the whole object of garnishment is to reach effects or credits in the gar-: nishee’s hands so as to subject them to the payment of such judgment as the plaintiff may recover against the defendant, it results necessarily that there can be no judgment against the garnishee until judgment against the defendant shall have been recovered, And the judgment against the defendant must be a final one. If appealed from by the defendant there can be no judgment against the garnishee while the -appeal is pending.” For this statement of the doctrine, the author cites a number of cases from the different states. It is certainly the established doctrine of this court. In a recent case the president of this court, speaking of the nature of attachment proceedings, said: “Their general and almost universal nature is twofold — first, to obtain a judgment by a creditor against a debtor for the amount of the debt claimed: and secondly, to subject by attachment certain property - or credits of the debtor to the payment of such debt. The first enquiry in such cases always is, whether there be in fact any such debt, and what is its amount; and that enquiry is governed by the same principles as .if the. suit was an ordinary one by a creditor against a debtor.”
Now, in this case, there was no valid judgment against the debtor, and this was shown upon the face of the proceedings in the circuit court, for upon the demurrer to the scire facias and plea of nul tiel record the proceedings - in the county court were spread on the record of the circuit court. By these proceedings it was shown that the judgment against the debtor was obtained at a monthly term of the county court, and at the same term, indeed in the same order, a judgment was rendered against the garnishee. The county court had no jurisdiction at its monthly term to render such judgment *against the debtor. Proceedings may be taken at a monthly term respecting the attached effects, or the garnishee as ancillary to the judgment, yet no judgment can be had against the garnishee until after judgment against the debtor by a court of competent jurisdiction. Now, it is well settled, both by the statute law and the decisions of this court, that at a monthly term of the county court, no judgment against a debtor upon action at law for the recovery of money can be had, but such judgment can only -be had at the quarterly term of such court. Code 1873, ch. 154, § 3 and § 12; see also Wynn v. Scott, 7 Leigh 63, and Claflin & Co. v. Steenbock & Co., 18 Gratt. 842. In this case the judgment wás at a monthly term and it is plain the court had no jurisdiction.
It is argued by the learned counsel for the appellee, and this view seems to have been adopted by the court, that the judgment of the county court having been acquiesced in by the appellant, and no appeal having been taken, that judgment is conclusive against him. This is a radical error. A judgment pronounced by a court having no jurisdiction is a mere nullity, not only voidable but entirely void. Such a judgment may be assailed anywhere and everywhere, in courts of the last resort, as well as in inferior courts.- Wherever proceedings may be had to enforce such void judgment it may be opposed, .and the jurisdiction of the court that pronounced it questioned and assailed. There is an obvious distinction between such a case where the court has no jurisdiction to enter the judgment complained of, and a case where the court having a general jurisdiction, over the subject matter has erroneously exercised it.. In the latter case the judgment cannot be questioned in any collateral proceeding, and if not appealed from is final; but where the court is without jurisdiction its judgment must be treated as a mere nullity, and all proceedings under it, or dependent on it are^void. See Cox v. Thomas’ adm’x, *9 Gratt. 312; Ballard v. Thomas and Ammon, 19 Gratt. 14; Lancaster v. Wilson, 27 Gratt. 624, and cases there cited. In this case the county court at its monthly term, having no jurisdiction, as seen by reference to the statute law and decisions of this court above referred to, to enter the judgment against the attachment debtor, that judgment was void, and consequently the judgment against the garnishee was aremature,. and no scire facias could be issued thereon to revive a judgment based upon a void judgment.
The court is further of opinion that upon the plea of payment the judgment of the circuit court ought to have been in favor of the garnishee. The order of the county court at the January term, 1869, declared that the moneys to be paid by the garnishee should “be paid pro rata on this and two other judgments obtained against the defendant — one in favor of A. G. Smith, the other in favor of E. D. Kernan and Malissa O. his wife — which judgment are subject to prior liens, if any.”
The priorities of these judgments could not be settled by the garnishee. The court alone could do that; and no doubt it was for the purpose of settling these priorities and adjusting the rate of distribution of the fund among the attaching creditors, that the court at the following term directed the garnishee to pay over the money due the attachment debtor to a receiver of the court.
If, therefore, this irregular order of the county court, containing two judgments and a quasi order for an account of priorities all in the same order, had been entered at a quarterly term instead of a monthly term of *189 the county court, or if the proceedings had been entirely regular, the garnishee, on the plea of payment and the production of the receipt of the receiver of the court, ought to have had a judgment in his favor on the proceedings under the scire facias. A payment to the ^receiver was a full discharge of the judgment against him. See Code 1873, ch. 148, § 37; Freeman on Judgments, § 167.
Upon the whole case, we are of opinion that the judgment of the circuit court of Russell must be reversed.
The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the three judgments aforesaid and the arguments of counsel, is of the opinion, for reasons stated in writing and filed with the record, that the said judgments of the said circuit court are severally erroneous. Therefore, it is considered that the said judgments, be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his writ of error aforesaid here, together with his costs in the said circuit court. And the court, now proceeding to render such judgment as the said circuit court ought to have rendered, it is further considered that the said scire facias in each case be quashed, and that the plaintiff in error go thereof without day; all of which is ordered to be certified to the said circuit court of Russell county.
Judgments reversed.