# Spring = Special Term, 1897.

## CHARLESTON.

### BANK OF RAVENSWOOD *v.* HAMILTON *et al.*

Submitted January 14, 1897—Decided March 15, 1897.

1. CONTINUANCE—*Motion for Continuance—Sound Discretion.*
   A motion for a continuance is addressed to the sound discretion of the trial court, and, unless it is plainly apparent that such discretion has been abused, this Court will not interfere therewith. (p. 76.)

2. SPECIAL ISSUES—*Waiver—Jury.*
   The special issue required to be submitted to the jury by the court under section 6, chapter 96, Code, may be waived by the litigants, and the issues submitted to the court in lieu of a jury; and in such case neither party can afterwards complain that such special issue was not directed. (p. 78.)

Error to Circuit Court, Jackson county.

*Assumpsit* by the Bank of Ravenswood against A. Hamilton and others.. There was judgment for plaintiff, and defendants bring error.

*Affirmed.*

C. E. HOGG for plaintiff in error.

W. A. PARSONS for defendant in error.

DENT, JUDGE:

In the case of the Bank of Ravenswood against A. Hamilton *et al.*, being a writ of error from the judgment of the Circuit Court of Jackson county in favor of the plaintiffs against the defendants upon a negotiable note for the sum of four hundred and seventy-seven dollars and forty-nine cents, the following are the only errors presented for consideration : (1) The refusal to grant a continuance on affidavit filed. (2) The trial by the court, by agreement of parties, of the matter of usuary on a statutory plea in the absence of a formulated issue under section 6, chapter 96, Code. A motion for continuance is addressed to the sound discretion of the trial court, and, unless it plainly appears that such discretion has been abused, this Court will not interfere therewith. *Marmet Co.* v. *Archibald*, 37 Va. 778 (17 S. E. 299) ; *Fiott* v. *Com.*, 12 Gratt. 576 ; *Buster* v. *Holland*, 27 W. Va. 511 ; *Dimmy* v. *Railroad Co.*, Id. 32 ; *Riddle* v. *McGinnis*, 22 W. Va. 254. The amendment of a pleading at any time during the progress of a case is not sufficient ground for continuance unless it becomes necessary to promote the ends of justice, and secure a fair trial of the issues. The affidavit relied on is as follows, to wit : "State of West Virginia, Jackson County, to wit : Before the undersigned authority this day personally appeared A. Hamilton, who, being first duly sworn, says that he is one of the defendants in the two cases pending in the Circuit Court of said county wherein the Bank of Ravenswood is the plaintiff, and in each of said actions he has in part a good defense, the extent of which defense this affiant is unable at this time to state ; but to a large part of the demands sued on in said actions he has a good and valid defense, and, if oppor-

tunity is afforded him until the next term of this Court, he will be able to make such defense to said actions. The affiant says that the reason that he is not prepared now to make such defense to said actions is that he relied exclusively upon the insufficiency of the declarations filed in said actions by the plaintiff, and fully believed, upon the advice of his counsel, that no judgment could be taken on said declarations, at this term; and plaintiff relied upon his demurrer to said declarations, and each of them, in said actions as a sufficient defence thereto, not thinking or believing that he would be required at this term of the court to make any other or different defense to said actions than that raised and afforded by his demurrer to the declarations in the said actions, and was so advised by his counsel. Affiant says that after filing his demurrer to said declarations, and the law arising thereon being argued by counsel and considered by the court, that they, the said demurrers, were sustained by the court; and thereupon the plaintiff in said actions asked leave of the court to amend its said declarations at bar, and leave to make such amendments was by the court granted, and the said declarations were amended in the important particulars shown by the orders of this Court. Affiant says that before said amendments were made there was no cause of action, as this affiant is advised, stated against this affiant in said declarations, or either of them; but affiant says that since said amendments he believes, upon the advice of his counsel, that the plaintiff has stated in its declarations a cause of action against this affiant. This affiant says that if he is now forced into trial upon the new issue necessarily raised by the said declarations as amended at this term of the court that he will be deprived of making his said defense to the said actions, or either of them. Affiant further says that if he is given until the next term of court to prepare his defense to said actions, that he will be prepared to defeat in large part the demands sued on in said actions; and that this application for a continuance of the said causes is not made for delay, but in the interest of justice. A. Hamilton."

The amendment to the declaration was merely supplying the formal parts of a declaration in *assumpsit* in no

manner affecting the cause of action, and, without then asking for continuance, the parties made up the issues; the real and only issue in fact being the question of usury, which did not go to the whole demand, but only to an uncertain part thereof. The affidavit does not disclose the extent of the defense, but evidently avoids doing so, and it is therefore evasive and insufficient. Nor does it show, except impliedly and evasively, that the affiant could not be ready for immediate trial of the issue, or even give any sufficient reason for a postponement. There is no claim of the absence of any necessary witness or paper, or any just reason given for suprise. The insincerity and concealment of the affidavit are too apparent to need comment. It is skillfully drafted, so as to reveal nothing to the court except the mere opinion of the affiant that he has a just defense to part of the demand, and, if given time, he will be able to present and sustain it. It was therefore properly disregarded by the court. The pleadings as to usury were made up in accordance with section 6, chapter 96, Code. But it is insisted that the court erred in not directing "a special issue to try and ascertain (1) whether or not the contract, assurance, or other writing is usurious; (2) if usurious, to what extent; (3) whether or not the interest has been paid on said contract, assurance, or other writing above 6 per cent., and, if so, to what extent." This provision was palpably intended to apply to jury trials alone, and not to cases wherein a jury is waived, and the court, by agreement of parties, is substituted to try the issues. Parties litigant may waive the formalities of law, and when this has been done in good faith they cannot afterwards complain that such formalities have not been complied with. *State* v. *Brookover*, 42 W. Va. 292 (26 S. E. 174.) The issue was usury. The court found against it. The evidence is not certified, and hence it must be presumed that, so far as the evidence was concerned, the finding was right. And this ended the controversy; for, the first finding having been adverse to defendants' plea, it became unnecessary for the court to inquire as to the extent or payment of usury that did not exist. The judgment being without apparent error, is affirmed.

*Affirmed.*