# CHARLESTON.

GORRELL & SMITH *v*. WILLIS, *Judge*, et al.

Submitted June 15, 1903.—Decided November 14, 1903.

1. APPEAL—*Judgment*.

G. & S., partners, recovered a judgment for $26.52 with interest thereon and costs against A. before a justice. A. gave bond with approved security, and was granted an appeal from the judgment of the justice. Afterwards, the plaintiffs and defendant appeared in the circuit court, and thereupon the appellees moved the court to dismiss the appeal for the reason that the transcript filed did not show that any appeal had been granted by the justice to the appellant. The court sustained the motion, and dismissed the appeal, and gave judgment against the appellant for costs. At the next term, the court, on motion of the appellant, set aside its former order of dismissal, and re-instated the appeal on the docket for trial. *Held*: That the first order is not a final and conclusive judgment, and that the second order is authorized by section 11 of chapter 127 of the Code. (p. 81).

Prohibition from Circuit Court, Tyler County.

Action by Moses Gorrell against M. H. Willis, Judge, *et al.*

*Writ Refused.*

J. M. UNDERWOOD, for petitioner.

J. H. STRICKLING, for respondent.

MILLER, JUDGE:

On the 22nd day of May, 1900, before G. W. Robinson, one of the justices of the peace of Tyler County, West Virginia, Moses Gorrell and W. A. F. Smith, partners under the firm

name of Gorrell & Smith, recovered a judgment against Samuel Alkire, for $26.52, with interest thereon and costs of the action.

On the 30th day of May, 1900, Alkire executed and filed with the justice an appeal bond with approved security, and was granted an appeal from the judgment aforesaid, to the circuit court. On the 11th day of June, 1900, a transcript from the docket of the justice of the proceedings had before him in the action, together with the appeal bond, the pleadings and all of the original papers in the cause, were transmitted to the clerk of the circuit court of said county, which transcript and papers were filed by said clerk; and the appeal docketed, and set for trial at the August Term, 1900, of said court.

On the 21st day of August, 1900, petitioners moved the court to dismiss the appeal; and thereupon the court made and entered an order in the words following:

"This day came the parties plaintiff and defendant by their attorneys, and thereupon the appellees moved the court to dismiss this appeal for the reason that the transcript filed shows that no appeal was granted by the Justice to the appellant, Man Alkire, The Court doth therefore sustain said motion, and this appeal is dismissed for the reason aforesaid; and it is further considered by the Court that the appellees, Gorrell & Smith, do recover their costs in this Court against said appellant, Man Akire."

At its December Term, 1900, the Court made and entered another order in the action, in the words and figures following:

"This day came the defendant by his attorneys, and moved the Court to set aside the order of dismissal in this cause, entered at the August term, 1900, of this Court; to reinstate upon the trial docket of this Court, the above case because the same was improvidently dismissed and dropped from the docket.

The Court doth consider the motion well taken and doth order the said order of dismissal set aside and the said case reinstated upon the trial docket of this Court; and doth require notice to be served upon the plaintiffs as required by law, thereupon the defendant suggested diminution of the record sent up by the Justice; and the Court doth order the Justice to send up a full and complete transcript of the record of all the proceedings had before him in said case, a copy of this order shall be served upon the Justice rendering the judgment."

Upon petition of Garroll & Smith, a rule was awarded by this Court directed to the circuit court of Tyler County, M. H. Willis, Judge thereof, and said Emanuel Alkire, to show cause, if any, they or either of them can, why a writ of prohibition shall not be issued, prohibiting the said circuit court, and said Willis, Judge thereof, from proceeding further in said cause. To this rule, Alkire has filed his demurrer and answer; and contends that the circuit court had no legal power or jurisdiction to dismiss said appeal, and that its order of dismissal is no more in effect than a refusal to take, or entertain jurisdiction of the appeal then properly before it. On the other hand, petitioners claim that the said order of dismissal at the August term, 1900, was and is a final judgment, whether erroneous or not, and could not be set aside by the court at a subsequent term.

From the language of said order of dismissal we may conclude that the court dismissed the appeal because the transscrip from the justice's docket did not, in terms, state that the appeal had been granted. However, in obedience to the last order of the circuit court, the justice, on the 2nd day of January, 1901, transmitted what he certifies to be "a true copy as appears on his docket," and by which it is shown that the defendant, on the 30th day of May, 1900, applied for an appeal, executed his appeal bond, with approved security, and was granted an appeal.

It thus appears that the appeal was properly allowed, and perfected, so far as the defendant was concerned. *Holmes* v. *Yoke,* 48 W. Va. 267. It was docketed in the circuit court, and at its August term, 1900, the court had jurisdiction both of the parties and the subject matter, because, as the record shows, the defendant had brought the case into that court by his appeal; and the petitioners appeared thereto, and moved the court to dismiss the same, which was done.

The case was in the circuit court to be tried and determined *de novo.* Section 169 of chapter 50 Code. "In such case, where the effect of the appeal is to transfer the action to an appellate court, in which the cause is, to be tried *de novo,* and the controversy is to be settled by a judgment in such court, regardless of the judgment appealed from, the appeal operates, not only to suspend the judgment of the justice or inferior

tribunal, but vacates it and sets it aside, so that it cannot be used as evidence or as the foundation of an action in any court." *Watson* v. *Hurry,* 47 W. Va. 810; *Evans* v. *Taylor,* 28 W. Va. 188.

If the transcript from the justice's docket, when filed in the circuit court, was incomplete, the court should have then ordered the omitted parts to be supplied, as was afterwards done. Code, chapter 50, section 173.

The dismissal of the appeal was, in effect, nothing more than a refusal of the court to try the controversy between the parties, upon the erroneous assumption that it did not have jurisdiction; and was not a judgment final and conclusive upon the parties. In *Wheeling B. & T. Ry. Co.* v. *Paull,* 39 W. Va. 148, the Court says: "The appeal was not tried on its merits, but was dismissed for want of jurisdiction. The jurisdiction being unquestionable, the order of dismissal amounts to nothing more than a refusal to hear or entertain the appeal, and is equivelant to the refusal of the court to proceed with any case properly pending therein."

At its December term, 1890, the court finding the case in that condition, set aside its former order and re-instated the appeal, under section 11 of chapter 127, Code, which provides that, "any circuit court may on motion, re-instate on the trial docket of the court, *any case dismissed,* and set aside any non-suit that may be entered by reason of the non-appearance of the plaintiff, within three terms after the order of dismissal may have been made, or order of non-suit entered." This language is broad and comprehensive and certainly embraces the dismissal in this case. The court, in reinstating the appeal, did no more than it could have been compelled to do by *mandamus* —take jurisdiction of the action. *Wheeling B. & T. Ry. Co.* v. *Paull, supra.*

In *Alderson's Heirs* v. *Henderson,* reported in 5 W. Va. 187, the circuit court, at its own instance, dismissed the bill at the costs of the plaintiff, and, at the next term, re-instated the cause. At the time of the dismissal, the process had been duly served on the adult defendants, some of whom had filed their answers, and the answers of the infant defendants, by their guardian *ad litem,* had also been filed. BERKSHIRE, JUDGE, who delivered the opinion, says: "I think there was no suf-

ficient ground for dismissing the bill, and amended bill, and that the court did not err in re-instating the cause, which it was clearly authorized to do under the first section of chapter 132, of the act of March, 1868, (now section 11 of chapter 127 of the Code of 1899)." To the same effect is the case of *The M. & F. Bank* v. *Mathews,* 3 W. Va. 26.

To uphold the contention of petitioners would be to forever deprive them of the right to collect their said demand from respondent, Alkire, by legal process. They have no judgment now, and could recover none hereafter.

For the reasons stated, the said demurrer is sustained, the rule quashed, and the writ of prohibition refused.

*Writ Refused.*