# CHARLESTON.

## CROSS v. CROSS.

Submitted June 14, 1904.   Decided November 15, 1904.

1. CONTINUANCE—*Waiver*.
   When a party in a suit in equity submits the cause for hear-
   ing without asking a continuance, it is a waiver of his rights
   thereto.   (p. 189).

2. FINAL DECREE—*New Trial—Error*.
   Where a cause has been submitted for hearing by the par-
   ties, and a final decree entered on such submission, it is not
   error to refuse the motion of the defeated party. to set aside
   such decree and grant him a continuance merely for the pur-
   pose of enabling him to take further testimony in the cause.
   (p. 189.)

3. COMMISSIONER'S REPORT—*Partition*.
   Where a report of partition made by commissioners is prop-
   er on its face, every reasonable presumption is in favor of its
   fairness.   (p. 190).

Appeal from Circuit Court, Ritchie County.

Bill by A. M. Cross against W. W. Cross and J. E. Cross.
Decree for defendants, and plaintiff appeals.

*Affirmed.*

DAVIS & SON, for appellant.

R. S. BLAIR and H. B. WOODS, for appellees.

MCWHORTER, JUDGE:

A. M. Cross, J. E. Cross, and W. W. Cross, children and only
heirs-at-law of Nathan Cross, deceased, inherited from their
father a tract of sixty-one acres of land in Ritchie county. A.
M. Cross removed to Kansas, and while a resident of that state
filed his bill in the circuit court of Ritchie county at the Sep-
tember rules, 1902, against W. W. Cross and J. E. Cross, pray-
ing for a partition of said tract of land, filing as an exhibit with
his bill a deed dated the 13th of May, 1873, from Rose R. Harris
and her mother, Ann B. Harris, to the ancestor, Nathan Cross.
On the 23d of October, a decree was entered in the cause, ap-
pointing commissioners to make partition of said land.  On the

30th of October, 1902, the commissioners made their report of partition, showing that they had assigned to the plaintiff lot No. 3, containing twelve acres and one hundred and twelve poles,. and lot No. 2, containing the same quantity of land to J. E. Cross, and lot No. 1 containing thirty-five acres and ninety-six poles to the defendant, W. W. Cross, describing each lot particu-- larly by metes and bounds, together with a map showing the same. On the next day after the filing of said report, a decree was entered confirming the same, and Thos. E. Davis was ap- pointed a special commissioner to make partition deeds in ac-- cordance with said report of partition and the decree. At the December rules, 1902, the same plaintiff, A. M. Cross, filed his bill in equity in the same court against W. W. Cross and J. E. Cross, alleging the fact of his non-residence here and being a resident of the state of Kansas, and that he had instituted and prosecuted the suit in which the land was partitioned, making the bill, decree, report of commissioners, and other proceedings. in said cause part of his bill, and alleging that when he saw a copy of the plat filed with the commissioner's report "He was completely astounded and surprised that he should be only al-- lowed a fraction of one-fifth of the tract of land when he should have had at least one-third;" that lot No. 1 assigned to W. W. Cross was greater in value than the other two lots or tracts com-- bined, assigned to plaintiff and J. E. Cross; that the partition and decree thereon were manifestly unjust, unfair, contrary to equity and good conscience in the division, and tantamount to fraud,. which was a fraud upon the rights of the plaintiff, and was sur- prise and mistake, and such a one that a court of equity might. and would set aside, annul, and hold for naught; that S. S. Cowell, one of the commissioners who signed the report, was not present all the time said division was made, and if present at all was but for a few minutes, and that he signed said report simply because Cain and Douglas, the other commissioners had signed it; that Cain acted more in the capacity of a surveyor than a commissioner; that no one was present other than the two commissioners during the whole time, except W. W. Cross, and that by reason of the conduct of said commissioners, and the making and filing of said report, he was taken by surprise, and his counsel was misled; and the court was asked to enter the decree confirming said report, which it would not have done if

the facts and circumstances, as well as the fraud complained of, had been brought to its attention; and praying that the final decree entered on the 31st of October, 1902, as well as the report of partition be set aside, and the cause reinstated upon the docket, in order that said commissioners or others appointed in their stead, might make fair partition of the land. The defendant, W. W. Cross, filed his demurrer and separate answer, denying the material allegations of the bill. Depositions were taken by plaintiff and by the defendant, and the cause was submitted for hearing on the 17th day of February, 1903, and on the 3rd day of March, 1903, the cause was heard upon the demurrer to the bill, upon the answer of W. W. Cross, and general replication, and upon the depositions taken and filed in the cause. The demurrer was overruled, and upon the hearing on the merits, the court was of opinion that the plaintiff was not entitled to the relief prayed for in his bill, and the same was dismissed and the prayer denied, and judgment for costs awarded to defendant, W. W. Cross. On the same day, the plaintiff, A. M. Cross, by his counsel, appeared in open court and moved that the decree theretofore entered, dismissing his bill, be set aside and that the cause be continued, that he might take additional evidence in the case, and in support of his motion filed the affidavit of the plaintiff and the affidavit of H. Marsh, and in resistance of said motion the defendant W. W. Cross, filed his affidavit and the affidavits of R. S. Blair, Jr., J. F. Russel, A. M. Lowther, and E. E. Ross, and the plaintiff tendered additional affidavits, including the affidavit of one of his attorneys, Thos. E. Davis, and also his own counter-affidavit. On consideration of said motion, the same was overruled, and the court refused to set aside the decree. The evidence taken in the case is very conflicting and does not decidedly preponderate either in support of or against the commissioners' report. Several of the witnesses on the one side say that the partition is unfair and unjust, and that lot No. 1 is equal in value to both lots No. 2 and 3, while on the other hand quite as many witnesses testify that the partition is just and fair, while some witnesses say that the lot No. 3 is the most valuable lot in the partition. The weight of the evidence is to the effect that the quality of the land of lot No. 3 is decidedly the best part of the land, while it has more valuable timber than both the other lots. A point is attempted.

·to be made by the plaintiff in the fact that he offered the defendant, W. W. Cross, $100.00 to exchange .lot No. 3 for lot No. 1 which the defendant declined to do, but he gave a very good reason for his action in so declining.    He is the owner of lot No. 2, which was assigned to J. E. Cross, and.lot No. 1 adjoins other lands belonging to defendant, and by exchanging No. 1 for No. 3, would sever his lands by having it cut in two by lot No. 1.    This being the fact, it is hardly a fair argument in favor of the higher estimate being put upon lot No. 1 by the defendant, W. W. Cross, because owing to the situation of his lands, No. 1 might be of much more value to him than No. 3, although in fact No. 3 might be much more valuable than No. 1, as an independent proposition.

It is claimed by appellant that the court erred in refusing to set aside the decree entered on the 3rd day of March, 1903, and :granting a continuance to the plaintiff for the purpose of taking further depositions.    In his affidavit contesting the motion for a continuance, R. S. Blair, one of the attorneys for the defendant, states that on the 3rd day of February; 1903, the plaintiff A. M. Cross, was present and gave his testimony, and counsel for plaintiff, T. E. Davis, at that time gave notice to the defendants and to affiant as his counsel, in the presence of the plaintiff, that he would insist upon a submission of said cause ·on the first day of the February term, 1903, which commenced on the 17th day of February; that they had all the testimony they wanted, and that plaintiff could get ready or not as he ·chose.    He further stated in said affidavit "That on the day the depositions on behalf of the plaintiff were closed, which was on the .16th day of February, 1903, the counsel for defendant, W. W. Cross, requested the counsel for the plaintiff to consent to an adjournment of the said depositions to a day during the present term of court, in order that he, the defendant, could have an opportunity to examine other witnesses he had summoned, but that counsel stated he would not agree to any such thing; that his client was anxious to dispose of the case, was ready to dispose of it, and that he would insist upon submission of the said case on the first day of the term of this court."    This affidavit was made on the 23d day of February, 1903.    On said motion to set aside the decree and continue the cause the plaintiff filed several affidavits, among which was an affidavit of his counsel,

Thos. E. Davis, sworn to on the 27th day of February, 1903, four days after the said affidavit of Blair, in which affidavit he makes no denial of the statement above quoted from Blair's affidavit, showing that plaintiff and his counsel refused defendant further time to take depositions, and insisted on a submission of the cause at that time. "Where a party appears and goes to trial. without asking a continuance, it is a waiver of his rights thereto." 9 Cyc. 156 and authorities there cited. In *Amos* v. *Stockart,* 47 W. Va. 109, (syl. point 5), "The question of continuance is one addressed to the sound discretion of the court, and, unless it is plainly apparent that such discretion has been abused, this Court will not interfere therewith." See also *Bank* v. *Hamilton,* 43 W. Va. 75, (27 S. E. 296) *Marmet Company* v. *Archibald,* 37 W. Va. 778 (17 S. E. 299) ; *Buster* v. *Holland,* 27 W. Va. 511; *Logie* v. *Black,* 24 W. Va. 21; *Riddle* v. *McGinnis,* 22' W. Va. 253. It would certainly be very unusual practice and very irregular, after the submission and decision of the cause, the submission and hearing of the same having been pressed and insisted upon by the party defeated in the decision, especially where no grounds are set up except the mere fact that he wanted to take further depositions when the defendant closed his depositions, only because he had no time to take further depositions which he desired to take, and which plaintiff refused to grant. the further time and announced himself ready for the hearing. If under such circumstances the decree could be set aside for the purpose of allowing the plaintiff to go into the country to seek further testimony to make his case, there would be no end to litigation.

The appellant in this cause occupies rather an anomalous position. He is seeking at the hands of the Court to relieve himself against what he claims to be a mistake tantamount to fraud. He brought his suit for partition, had commissioners appointed to make the partition who were duly sworn and acted in pursuance of the decree appointing them, neither of the other parties interested in the partition appeared in the cause. The plaintiff sought and procured a decree confirming the report of partition, and had a commissioner appointed to execute deeds of partition. He then comes to the the conclusion that a mistake has been made, and files his bill asking the court to correct his mistake, claiming that "Equity relieves against a material mistake of

facts as well as against fraud, in a deed or contract in writing," citing *Allen* v. *Yeater,* 17 W. Va. 128; *Schuttler* v. *Brandfass,* 41 W. Va. 201. The only fraud attempted to be proved is the fact that commissioner Cowell was not present with the commissioners all the time they were together carrying out the decree of partition. This fact as relied upon is proved by the testimony of commissioner Cowell himself. He merely states that he was sworn as commissioner and was present but a short time and looked over the work that had been done by the other commissioners, but did not know much about it, and stated that he was depending upon the other commissioners to make the partition; that his wife was sick with typhoid fever and had no nurse, and he had to be with her. His name was signed to the report by his son in his presence and at his direction. There is no attempt to show that the commissioners or any of them attempted any unfairness between the parties or were guilty of any improper conduct. It seems to be well settled, as held in *Graham* v. *Bank,* 45 W. Va. 701, (syl. pt. 5) : "Jurors will not be heard to impeach their verdict except in a few instances. They are heard more readily to sustain their verdict"; and this rule would apply as well to arbitrators or commissioners. 3 Cyc. 808 : "An arbitrator is not a competent witness to prove his own fraud or misconduct, or the misconduct of a party involving also the misconduct of the arbitrator", and the authorities there cited, and on the same page "Where objection is taken to an award, proper on its face, every reasonable presumption will be indulged in its favor." Admitting the testimony of Cowell to be all true, it is not sufficient to impeach the report of the commissioners.

The plaintiff and appellant having failed to support the allegations of his bill, the decree of the circuit court will be affirmed.

*Affirmed.*