# CHARLESTON

Cook *v.* Cook.

Submitted February 6, 1907.    Decided January 28, 1908.

1. **Appeal—*Review—Denial of Continuance.***
    Where a party has moved for a continuance in good faith and clearly shows himself entitled thereto in order to complete his defense, and his motion is overruled, the appellate court will reverse the decree and remand the cause when it appears that justice in the premises will be subserved thereby. (p. 418.)

Appeal from Circuit Court, Wyoming County.

Bill of Arminta M. Cook and others against Gaston D. Cook and others. Decree for plaintiffs, and Mary M. Cook appeals.

*Reversed.  Remanded.*

John E. Blake and Maynard F. Stiles, for appellant.

McWHORTER, JUDGE:

This is an appeal by Mary M. Cook from a decree of the circuit court of Wyoming county entered on the 2nd day of April, 1904, in a cause therein pending of Arminta M. Cook, Inez V. Cook, Laura M. Cook, Bessie I. Cook and Ila M. Cook, who sued by their next friend Amanda E. Cook, their mother, against Gaston D. Cook, Mary M. Cook, Jacob A. Cook, guardian, and others. The bill filed by these infant defendants was an original bill in the nature of a bill of review attacking certain decrees of sale and confirming sale, and a deed made in a proceeding by Jacob A. Cook, guardian of part of the infant plaintiffs named, for the purpose of selling the estate of said infants, being the remainder in fee in 123 3-4 acres of land lying in said county. Said estate was sold and purchased by the said Mary M. Cook and conveyance thereof to her made by special commissioner appointed for that purpose. The plaintiffs in this suit also seek to set aside a deed of trust afterwards executed on said property by the purchaser, Mary M. Cook, and her husband to secure a debt. The bill alleged fraud in the procurement by the said guardian and his brother, the defendant G. D. Cook, of the sale of the said infants' estate in said land, and that the said guardian had failed to give special bond as provided by chapter 83 of the Code before making the sale, which it is contended renders the sale void as well as the said deed from the commissioner to the purchaser.

The defendants G. D. Cook and Mary M. Cook filed their answer to said bill denying the material allegations thereof. Depositions were taken and filed in the cause. At the March term, 1904, on the 2nd day of April, the defendants G. D. Cook and Mary M. Cook moved the court to grant a continuance of the cause until the then June term next of said court and filed in support of said motion two affidavits of the said G. D. Cook and the affidavit of Mary M. Cook. The affidavit of Mary M. Cook shows that she desired to have her own deposition taken to be read in the cause, that she knew certain facts which were material to her defense in the cause and that the same facts could not be proven by any other witnesses; that by reason of her illness she had been unable to have her deposition taken up to that time—April 1, 1904; that if allowed until the June term of said court she believed she would be

able to have the same in evidence. It appeared from the affidavit of G. D. Cook, taken on said first day of April in support of the motion for continuance until the June term, 1904, of the said court, that he desired to take the deposition of L. L. Blankenship who had been legally summoned and had failed to appear, and also to take the depositions of E. E. Stone and Mary M. Cook, the latter of whom had been sick and unable to get her deposition, and that if time were given him he would try to get their evidence by the June term of said court and their evidence would be material to his defense in said cause.

In opposition to said motion for continuance plaintiffs filed two agreements, one signed by counsel for plaintiffs and by I. E. Christian for defendants G. D. Cook, Mary M. Cook and Ida Sanders, administratrix, wherein it was agreed that notice of the taking of the depositions of W. E. Justice and others at the residence of the said Justice in Mingo county, West Virginia, was waived and that the depositions of said Justice and others might be taken at the residence of said Justice on behalf of said plaintiffs on the 29th day of February, 1904, and that the defendants represented by Christian would immediately thereafter, at a time to be agreed upon by the parties to the agreement and not later than the 10th day of March, begin and complete the taking of the depositions on and in behalf of the defendants represented by said Christian in said cause. Another agreement, signed I. E. Christian by G. D. Cook, James H. Gilmore, Jr., for plaintiffs and G. D. Cook, wherein it was stated that by agreement depositions of witnesses to be taken on behalf of defendants on the 14th day of March were continued at request of defendants and plaintiffs agreed on condition that they, plaintiffs, be allowed to take testimony on their behalf up to the day before court, to which defendants agreed. It was also agreed that in the event plaintiffs could not conclude their testimony the case would go over without opposition of the defendants, but defendants were to close their depositions by court at latest as per the former agreement entered into.

In reply to said agreement, last named, another affidavit of G. D. Cook, dated April 1, 1904, was filed stating that he was a party defendant in said cause and plaintiffs' attorneys

claiming to have a written contract "signed I. E. Christian by G. D. Cook forcing trial at this term of court was not the agreement made by said attorneys for plaintiffs and G. D. Cook and I. E. Christian. The contract and agreement was that plaintiffs and defendants were both to try to get ready for trial if they could at said present term, and in the event that either side did not get ready the hearing of the case was to go over until the next June term of court by agreement, Mr. Hilmore, one of the plaintiffs' said attorneys, went and drew up the said contract and that he, the said G. D. Cook, signed it without reading it and that he now finds it is not the kind of contract he agreed to enter into."

The motion was heard upon said affidavit and said two agreements and the court overruled the said motion for continuance and brought on the cause to be heard, when the court decreed "that the decrees in the cause of Jacob A. Cook, guardian &c. against Arminta Cook and others, directing the sale of the lands described in this proceeding, as well as a decree confirming the sale in the cause last aforesaid, and the deed from Ed. Sarver, Special Commissioner, to Mary M. Cook, made in pursuance of the decrees last aforesaid, and also the deed of trust made by G. D. Cook and Mary M. Cook, his wife, to J. R. Robertson, Trustee, to secure J. O. Sanders certain moneys as complained of in the bills and proceedings of this cause, that they and each of them be and the same are hereby set aside and held for naught in accordance with the prayers of the bills of the plaintiffs except as to any interests in said real estate that may have been owned by the said Jacob A. Cook at the date of the decree and deeds complained of in this proceeding." And decreed costs to plaintiffs against the defendants G. D. Cook, Mary M. Cook, Jacob A. Cook, and Ida Sanders, administratrix of J. O. Sanders, deceased.

The appellant, Mary M. Cook, assigned several causes of error, the first of which is in refusing the defendants a continuance. If this is found to be error the cause will have to be remanded in order to allow the defendants to take testimony in support of their answer and defense and it will not be necessary here to note the other several errors assigned by appellant as the case will have to be re-heard after the testimony of the defendants has been taken and filed.

This suit was brought to February rules, 1903. The plaintiffs on the 8th day of October, 1903, sued out process on an amended bill returnable to November rules then next. The plaintiffs took depositions at various times beginning in March, 1903, until in March, 1904, their last depositions being certified and filed in the cause on the 26th day of March, 1904.

It appears from the affidavit of Mary M. Cook, the purchaser and principal defendant, that she was a material witness in her behalf knowing material facts which could not be proven by any other witnesses and that by reason of her illness she had not been able to give her deposition; that if given further time she could have her deposition in by the next June term. This fact was not disputed, nor were the facts stated in the affidavits of G. D. Cook filed in support of the motion for continuance in any way contradicted or disputed. While the first agreement filed in opposition to the motion for continuance concerning the taking of depositions seems to have been a waiver on the part of the defendants for the accommodation of the plaintiffs to facilitate their taking of the depositions of W. E. Justice and others, when we consider the date of the closing of the depositions of plaintiffs only six days before the entering of the final decree, and the agreements filed by plaintiffs in opposition to the motion, strength is given to the statement made in the affidavit of G. D. Cook quoted above. And there is no contradiction of the facts stated in that affidavit.

I am aware of a rule that a continuance is largely a matter of discretion with the trial court and that the appellate court will not review the action of such court unless it is plainly apparent that such discretion has been abused. *Bank* v. *Hamilton*, 43 W. Va. 75, (27 S. E. 296); *Marmet Co.* v. *Archibald*, 37 W. Va. 778, (17 S. E. 299); *Buster* v. *Holland*, 27 W. Va. 511; *Logie* v. *Black*, 24 W. Va. 1-21; *Riddle* v. *McGinnis*, 22 W. Va. 253; *Amos* v. *Stockert*, 47 W. Va. 109. The facts show that the motion was not made for delay, but for the purpose of taking material testimony that could not have been obtained before. It does not appear that a continuance of this cause had ever been had or the cause in any manner delayed on the motion, or by the action, of the defendants; and it clearly appears that the defendants

brought themselves within the rule to entitle them to the continuance they asked and the court erred in overruling their motion. There are many authorities for reviewing the action of the trial courts on the question of granting continuances when improperly refused, in our own State we have *Bank* v. *Mathews*, 3 W. Va. 26. And in 9 Cyc. 157, it is said: "In some jurisdictions it has been held that the discretion of the court in granting or refusing a continuance is not the subject of review. In a great majority of jurisdictions, however, the rule is otherwise and the discretion of the trial court held subject to review by the appellate court, either upon a bill of exceptions, or an appeal from the judgment in the action." Citing authorities from many of the states showing that when the refusal of a continuance operates as a denial of justice, the discretion is not exercised reasonably and is subject to correction.

The decree complained of will be reversed, set aside and held for naught, and the cause remanded to the circuit court with directions to permit the defendants to complete their testimony and for further proceedings to be had therein according to the rules governing courts of equity.

*Reversed. Remanded.*