# CHARLESTON.

WILLIAM T. GEORGE v. HON. WARREN B. KITTLE, JUDGE, etc.
et al.

(No. 5843)

Submitted November 17, 1926.   Decided November 23, 1926.

JUDGMENTS AND DECREES—COSTS—*Where Non-Resident Plaintiff Has Been Required to Give Bond as Such for Costs, and After Sixty Days Have Expired, Court, in Absence of Plaintiff or Its Counsel, Dismissed Cause for Failure to Give Bond, Chancellor at Next Term of Court May Entertain Motion to Set Aside Order of Dismissal on Ground That Bond Has Been Actually Executed and Lodged With Clerk Within Sixty Days, and That Honest and Diligent Effort Made to Comply With Order Requiring Bond. In Such Case Provisions of Sec. 11, Chap. 127, Code, Apply and Give Court Jurisdiction to Refuse or Grant Motion to Set Aside Order and Reinstate Cause on Docket.*

Where a non-resident plaintiff has been required to give a bond as such for costs, and after sixty days have expired, the court, in the absence of plaintiff or its counsel, dismisses the cause for failure to give bond, the chancellor at the next term of court may entertain a motion to set aside the order of dismissal on the ground that a bond has been actually executed and lodged with the clerk within the sixty days, and that an honest and diligent effort has been made to comply with the order requiring bond. In such case the provisions of Sec. 11, Chap. 127, Code, apply and give the court jurisdiction to refuse or grant the motion to set aside the order and reinstate the cause on the docket.

Original Jurisdiction in Prohibition, Taylor County.

Petition by W. T. George against Hon. Warren B. Kittle, Judge, etc., Forestglen Land Company, a Corporation, respondents.

*Writ refused.*

*Wm. T. George* and *W. B. Talbott,* for petitioner.
*Ira E. Robinson* and *Staige Davis,* for respondents.

LIVELY, JUDGE:

By this rule in prohibition the jurisdiction of the trial court is challenged in so far as the court reinstated the cause on the trial docket and permitted the plaintiff therein to give bond for costs thereafter accruing.

The Forestglen Land Company instituted its suit in chancery against W. T. George, in August 1925, and on April 12, 1926, defendant George appeared, suggested the non-residence of plaintiff, and moved for security for costs. Plaintiff's counsel admitted non-residence, and an order was entered as of that date requiring plaintiff to give a bond in the penalty of $200.00, conditioned according to law. By Sec. 2, Chap. 138, Code, if bond be not given before the expiration of sixty days from the date of the order requiring it, the suit shall be dismissed by order of the court, unless before the order of dismissal security be given. On June 19, 1925, at a special term of court, George moved dismissal because no proper cost bond had been executed, and the court entered an order dismissing the suit and striking it from the docket. On Sept. 8, 1926, at the following term, the plaintiff appeared by counsel, whereupon plaintiff filed a petition and written motion for reinstatement of the cause, supported by affidavits of Graham C. Painter and A. S. Poling. Defendant demurred to and answered the petition, and filed in support of his answer the affidavit of Corder, the circuit court clerk. Upon consideration thereof, the court ordered the cause reinstated and to be proceeded with as if there had been no dismissal, requiring plaintiff to pay all costs accrued to that date, Sept. 8, 1926, which were accordingly paid, and requiring plaintiff as a non-resident to execute a bond for costs in the penalty of $300.00, which was then tendered, approved, and accepted by the court, and filed. This rule was then obtained asking that plaintiff and the circuit judge be prohibited from further proceeding in the cause, on the ground that the court had no jurisdiction to reinstate the cause after it had been dismissed by order of June 19, 1926.

It appears from the return, and the original papers brought here by certiorari, that plaintiff, Forestglen Land Company,

by counsel sent through the mails to the circuit clerk a bond for costs with a bonding company as surety, in the penalty of $200.00, conditioned according to law, which reached the clerk on June 9, 1926, on which he endorsed, "Received by registered mail this 9th day of June, 1926. W. D. Corder, Clerk," and lodged the same in his office. The bond was signed by Forestglen Land Company by its president under corporate seal, and by the United States Fidelity and Guaranty Company of Maryland, as surety, under corporate seal. The bond was not acknowledged by either corporation. Painter (of counsel for plaintiff) in his affidavit says that on the day bond was required he arranged with the clerk for a bond with the United States Fidelity and Guaranty Company of Maryland as surety, and that the clerk said he would, upon receipt of the bond, have the local agent of the surety company (a Mr. Poling) come in and countersign the same. The bond was forwarded to the clerk by Bowie and Clark, general attorneys for plaintiff, on June 8th, with the request that he call in the local agent for the guaranty company to countersign, as claimed by Painter. Poling says in his affidavit that he was the local agent, and upon receiving a letter from his principal that they had executed the bond and that it had been forwarded to the clerk, and asking him (Poling) to countersign, he went to the clerk's office for that purpose and was told by the clerk that the bond was not ready, that a question had been raised as to its correctness. He says he has always been ready and willing to countersign the bond. Corder (the clerk) says he did not have an understanding with Painter that he would accept bond and have the local agent come in and countersign same, as claimed by Painter. It appears from Painter's affidavit that on June 16th, he wrote the clerk, stating that he (Painter) had been advised that bond for costs had been forwarded to him, and asking if it had been received and filed. Corder answered on June 18th, that the bond had been received by registered mail and was lodged in the office. Painter says that he was never advised of any objection to the bond until after he had learned that the suit had been dismissed for want of proper

bond on June 19, 1926. Counsel for plaintiff live in the City of Charleston.

George demurred to the petition for reinstatement and answered the same. The demurrer is to the effect that the petition comes too late (after adjournment of special term) ; and that it shows on its face negligence on the part of plaintiff in tendering a proper bond. The answer denies that the clerk agreed to take the bond with the guaranty company as surety, and to have the local agent in Philippi come in and countersign, and exhibits Corder's affidavit. It denies the allegation in the petition that plaintiff had honestly endeavored to comply with the order requiring bond, but avers that plaintiff was grossly negligent in that regard, and denies that the failure of the clerk to approve and file the bond was irregular and improper; and charges that the bond tendered was not in proper form and was not properly executed, and was a mere scrap of paper. Other matters are alleged in the answer to the petition relative to the character and purposes of the suit instituted by plaintiff, which have little bearing on the motion to reinstate.

On this petition, affidavits and motion, and upon the demurrer, answer and affidavit of defendant, the trial court reinstated the cause ; and this rule challenges the jurisdiction of the court to reinstate and further proceed.

Did the court have jurisdiction to reinstate? That is the only question. Petitioner George says the order of dismissal of June 19th is a final order authorized and directed by Sec. 2, Chap. 138, Code, and the term having ended at which it was entered, the court has no further jurisdiction. Respondent says that the court has jurisdiction to reinstate under Sec. 11, Chap. 127, Code, which says: "Any court may on motion, reinstate on the trial docket of the court any case dismissed, and set aside any non-suit that may be entered by reason of the non-appearance of the plaintiff within three terms after the order of dismissal may have been made, or order of non-suit entered''; upon payment of accrued costs. George says that this statute is not applicable to a cause dismissed for

failure to give bond for costs. Does Sec. 11, Chap. 127, Code apply to dismissals of this class?

It is well settled that an order of dismissal based on the merits is not within Sec. 11, Chap. 127, Code. *Fulton* v. *Ramsey,* 76 W. Va. 45. It applies to orders and decrees which amount to no more than dismissals or non-suits. *Waldron* v. *Harvey,* 54 W. Va. 608, 615. In *Glasscock* v. *Brandon,* 35 W. Va. 84, cited by petitioner, the plaintiff had dismissed his suit, and on the next day McClaskey suggested he had an interest in the suit and moved re-instatement; nothing was done on this motion until about seven years, when the cause was reinstated. This court said the order of reinstatement came too late, under Sec. 11, Chap. 127, Code, for more than three terms of the court had passed. That case has little application here. The order of dismissal in the instant case was not upon the merits, and because Sec. 2, Chap. 138, Code, says that a suit by a non-resident who has not given the bond required after 60 days and before motion to dismiss, *shall* be dismissed, does not make such order a decision upon the merits, nor does it take the case out of the broad scope and intendment of Sec. 11, Chap. 127, Code. It was said in *Coal Co.* v. *Doolittle,* 54 W. Va. 211, 225, that this section (Sec. 11) was a remedial one and should receive a liberal construction. Under Section 7 of the same chapter of the Code, the failure of a committee, personal representative, or heirs or devisees of a plaintiff to revive the cause after the second term after a suggestion of record of the fact making such revival proper, the suit *shall* be discontinued; and under the succeeding section a suit may be stricken from the docket in the discretion of the court, and *shall* be discontinued where there has been no order, except continuance, for more than two years or where plaintiff is delinquent in payment of costs. But it cannot seriously be contended that such dismissals and continuances do not fall within Sec. 11 under discussion.

In *Higgs* v. *Cunningham,* 71 W. Va. 674, cited by petitioner, the court refused to set aside an order of dismissal on a motion made by the plaintiff at the same term, because the plaintiff had stood by and neglected to answer to a plea in

bar. Had there been no effort to give bond in the instant case within the 60 days allowed by the statute and before motion, the court would not likely have set aside the order of June 19th dismissing the cause. To have done so would have rendered nugatory the statute. Litigants are not allowed to trifle with the court. But it is shown that plaintiff made an honest effort to give the bond. One was filed or at least attempted to be filed. When the facts relative thereto were presented to the court by petition and supported by affidavits, he had jurisdiction to act on the petition and motion, appeared to and answered by petitioner. Can we say that he erred in deciding that a bond had been tendered and that it was sufficient? Where a court of general jurisdiction is proceeding in a case within the scope of its general powers, every presumption is in favor of the jurisdiction not inconsistent with the record. *Devaughn* v. *Devaughn,* 19 Gratt. 556; *St. Lawrence Co.* v. *Holt & Mathews,* 51 W. Va. 352. And if a court has jurisdiction of a case it is immaterial how erroneous its proceedings are, when its judgment is collaterally attacked. *Bank* v. *Hyer et al.,* 46 W. Va. 13; *Withers* v. *Fuller et als.,* 30 Gratt. 547. On a rule in prohibition we cannot question the judgment of the court on petitioner's claim that the respondent company was guilty of gross negligence in attempting to comply with the order of April 12th requiring bond. The court by its action has exonerated plaintiff from that charge, and has impliedly said that a proper effort was made to comply with the order, if, indeed, it did not hold that a good and proper bond was not tendered and filed.

The case of *Gorrell & Smith* v. *Willis, Judge,* 54 W. Va. 78, is pertinent. In that case plaintiffs had recovered judgment before a justice, and defendant appealed to the circuit court. The parties appeared on the appeal, and appellees moved dismissal on the ground that no appeal had been granted by the justice, whereupon the case was dismissed and judgment for costs entered against appellant. At the next term the court set aside the order of dismissal and reinstated the case on the docket, it having been shown to him that in fact an appeal bond had been filed and an appeal granted by the justice. This

court held that the order setting aside the dismissal and reinstating the case on the docket was authorized by Sec. 11, Chap. 127, Code.

The court may have considered that the bond in the instant case, although not acknowledged in the form prescribed for corporations, was good as a common law bond and should have been accepted. We are not called upon here to decide whether the bond was good or bad. The trial court, we hold, had jurisdiction to say whether it was good or bad. Suppose a perfectly good bond had been tendered the clerk, and upon objection to him by petitioner upon some highly technical point, the clerk refused to accept or file it; could it be that plaintiff should be irretrievably put out of court? Neither plaintiff nor its counsel was aware that its bond had not been filed and accepted, until after the order of dismissal was entered. We think the order of dismissal falls clearly within the purview and intendment of said Sec. 11, Chap. 127, Code, and that the trial chancellor had jurisdiction to decide upon the pleadings, evidence and circumstances, and to set it aside and reinstate the cause; and having such jurisdiction, has not abused it.

*Writ refused.*