MASON P. VAN FAUSSEN *v.* KANAWHA AUTO LOAN COMPANY, *a corporation, et al.*

(No. 7863)

Submitted January 10, 1934.   Decided January 23, 1934.

*Daugherty & Daugherty,* for petitioner.
*Perry & Perry,* and *Salisbury, Lopinsky & Hackney,* for respondents.

MAXWELL, JUDGE:

The petitioner, Mason P. Van Faussen, seeks to prohibit a justice and constable of Cabell County from further proceeding under a judgment rendered against petitioner for the possession of an automobile.

On the 6th of November, 1933, the respondent, Kanawha Auto Loan Company, a corporation, recovered judgment against petitioner before respondent O. M. Phipps, a justice of the peace of Cabell County, for the possession of a Chrysler

coach. Immediately after the rendition of the judgment, the petitioner filed with the justice a proper bond for the purpose of appealing the case to the common pleas court of Cabell County. Petitioner also lodged with the justice his check for $5.00 payable to the clerk of the common pleas court to cover the statutory deposit required of an appellant in such proceeding. The justice promptly forwarded the papers, including the check, to the common pleas clerk. Because of lack of funds to the credit of the drawer of the check, it was not paid by the bank on which drawn. When the clerk ascertained the worthlessness of the check, he returned the papers to the justice, who immediately thereafter issued a writ of possession for the said automobile and placed the same in the hands of respondent, Russell Cooper, a constable of said county, who executed the same by taking the automobile into his possession where it remains.

On the 10th of June, 1931, chapter 35 of the Acts of the Legislature of that year became effective. That Act requires that in a civil appeal from a justice of the peace to a circuit court or other court having jurisdiction a fee of five dollars, to be paid by the appellant, shall accompany the transcript when transmitted by the justice to the court of review.

Prior to the effective date of the Act aforesaid, a losing litigant in a justice's court, if more than $15.00 was involved, was entitled to an appeal upon his filing with the justice within ten days after judgment was rendered a sufficient bond as required by Code 1931, 50-15-2. Upon the approval of such bond by the justice his jurisdiction terminated. *Sheets* v. *Ray*, 113 W. Va. 261, 167 S. E. 620; *Elkins* v. *Michael*, 65 W. Va. 503, 64 S. E. 619. Such was the situation when the requirement of an appeal bond stood alone. The giving of such bond was the sole condition precedent to perfecting an appellant's right to appeal, if a jurisdictional amount was involved and he moved within the time limited by the statute.

But the giving of an appeal bond no longer stands as the only requirement upon which an appeal must be based. The above Act of 1931 establishes another requirement. There must be an advance fee of $5.00 as well as a bond.

Under the said Act of 1931, it is the duty of the magistrate to collect the fee of $5.00 for the clerk of the court of review

and to forward the same to him with the transcript of the case and the appeal bond, and other papers. The forwarding of a worthless check is wholly abortive. The appellant in the case under consideration having failed to comply with one of the two conditions required of him by the statutes in order to perfect an appeal, it must be deemed that the case has remained in the justice's court and that his jurisdiction thereof has not been disturbed. The only way in which an appellant can be relieved of the necessity of posting with the justice the sum of $5.00 as a deposit for costs to be forwarded to the clerk of the court of review, is for him to file with the justice an affidavit *in forma pauperis* as contemplated by Code 1931, 59-2-1. Of course, when an appellant makes the required deposit with the justice, if the latter should fail to send forward the same to the clerk of the court of review the justice and the sureties on his official bond would be liable therefor, and the appellant's right to the appeal would not be affected by the dereliction of the justice.

Having, for the reasons stated, reached the conclusion that the appellant was not entitled to an appeal because he had failed to make the necessary deposit with the justice, it follows that the clerk of the common pleas court acted properly in returning the papers to the justice of the peace. It follows also, as a reasonable and necessary sequence, that upon his receipt of the papers from the clerk, the magistrate, who had not lost jurisdiction of the case because the appellant had complied with only one of the two conditions required of him to perfect an appeal, was within his authority when he issued a writ of possession for the automobile in question and placed it in the hands of the constable for execution, and that the constable acted within due course of law in executing the same.

For these reasons a writ of prohibition must be refused.

*Writ refused.*