NELIA G. BELL *v.* HONORABLE JOHN F. BROWN, *Judge*

(No. 8202)

Submitted September 4, 1935. Decided October 15, 1935

*C. O. Strieby,* for petitioner.
*J. J. Madden,* for respondent M. M. Bell.

LITZ, PRESIDENT:

This is an original proceeding in prohibition to inhibit the enforcement of a judgment quashing an execution.

In an action by (petitioner) Nelia G. Bell against (respondent) M. M. Bell, before a justice of the peace of Randolph County, judgment was rendered September 26, 1932, in favor of the defendant. On October 6th, following, the justice approved an appeal bond filed by plaintiff and granted an appeal. Six days later he transmitted the papers to the clerk of the circuit court. The appeal having been docketed, defendant, in February, 1933, moved its dismissal upon numerous grounds, including the following:

"It is apparent from the record that the cost which the law requires the appellant to pay to the Clerk of the Circuit Court did not accompany the transcript as required by law

in that the Clerk of the Circuit Court while receiving the papers on December 1, 1932,'' did not docket the appeal until February 7, 1933.

November 8, 1933, the motion was overruled. A trial of the appeal, June 4, 1934, resulted in a verdict of $48.00 for the plaintiff. A motion to set aside the verdict being overruled, judgment was entered thereon June 8, 1934, to which no exceptions were noted. The judgment and part of the costs having been paid, plaintiff caused execution to be issued for the remaining costs, amounting to $74.80, November 13, 1934. On January 10, 1935, defendant, after notice to plaintiff, moved the circuit court to quash the execution on the ground that he was entitled to credits thereon aggregating $12.30. A hearing on the motion having been continued until January 19th, defendant at that time assigned as an additional ground for relief alleged failure of plaintiff to deposit with the justice $5.00 for the fee of the clerk of the circuit court, required by chapter 35, Acts 1931 (as construed in *Van Faussen* v. *Kanawha Auto Loan Co.*, 114 W. Va. 552, 172 S. E. 716) to accompany the transcript in civil appeals from a justice. It appearing (for the first time) that the plaintiff did not deposit the $5.00 fee with the justice but paid it directly to the clerk February 7, 1933, an order was entered in the proceeding March 5, 1935, sustaining the motion and holding that because plaintiff had failed to deposit the fee of the clerk with the justice the circuit court did not acquire jurisdiction of the appeal, and that the verdict and judgment for the plaintiff were, therefore, void. A rule in prohibition has been issued in this proceeding, requiring respondents, M. M. Bell and the Honorable John F. Brown, Judge of the Circuit Court of Randolph County, to show cause why they and each of them should not be prohibited from enforcing the said order.

The ruling complained of in this proceeding is attempted to be justified by the decision in *Van Faussen* v. *Kanawha Auto Loan Company*, cited. That case, as already indicated, involved an interpretation of chapter 35, Acts 1931, which (according to the ruling therein) requires payment in advance of fees to the clerk of the circuit court, including a fee

of $5.00 in a "civil appeal to such clerk (*appellant*—to accompany transcript) \* \* \*.'' The defendant there had attempted to obtain an appeal from a justice by filing an appeal bond and depositing with the justice a worthless check to cover the $5.00 fee. The justice granted the appeal and forwarded the transcript, accompanied by the check, to the clerk of the circuit court. The clerk, upon dishonor of the check, returned the transcript to the justice who immediately issued an execution on the judgment. The defendant then applied to this Court for a writ of prohibition to prevent the enforcement of the execution. The writ was refused upon the ground that the deposit of the $5.00 fee with the justice is a prerequisite to the perfecting of an appeal. It will be observed that the instant case, involving a collateral attack upon the final judgment of a court of general jurisdiction, presents an entirely different situation.

The judgment of a court of record is not subject to collateral attack unless a want of jurisdiction is apparent upon the face of the record. "The validity of a judgment of a court of record can not be collaterally attacked, on the ground that the court had no jurisdiction, unless the want of jurisdiction appears upon the face of the record." *Wandling* v. *Straw*, 25 W. Va. 692. (The rule has been restated in numerous subsequent West Virginia cases.) "According to the common law rule, adhered to at the present time in most of the states, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive and its judgment can not be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done but that it was rightly done." 15 R. C. L. 893. "In the absence, therefore, of any showing in the record either one way or the other, a presumption arises in favor of the validity of the judgment of a court of general jurisdiction, and the existence of all matters going to the power of the court or tribunal to render the judgment." 1 Freeman on Judgments, (5th Ed.), p. 820. The rule is also approved in 34 C. J. 528. Moreover, the jurisdiction of the

court in the principal case was specifically determined upon the motion of M. M. Bell to dismiss the appeal and no facts are disclosed by the record, involving the ruling inconsistent therewith. "Where a court of general jurisdiction judicially considers and adjudicates the question of its jurisdiction, and decides that the facts exist which are necessary to give it jurisdiction of the case, the finding is conclusive and can not be controverted in a collateral proceeding, unless irreconcilable with facts otherwise disclosed by the record." 34 C. J. 552. The circuit court exercised its rightful jurisdiction in determining that the appeal had been perfected. *County Court* v. *Holt, Judge*, 61 W. Va. 154, 56 S. E. 205.

The peremptory writ of prohibition is, therefore, awarded.

*Writ awarded.*