A. L. CUMMINGS *v.* HONORABLE JAKE FISHER, *Judge, et al.*

(No. 8318)

Submitted October 30, 1935. Decided November 19, 1935.

HATCHER, JUDGE, dissenting.

*E. H. Morton,* for petitioner.
*W. T. Talbott,* for respondent Louisa Seabolt.

LITZ, PRESIDENT:

This is a proceeding in prohibition to inhibit the hearing upon an alleged appeal from a justice.

The relator, A. L. Cummings, recovered judgment against

Louisa Seabolt, before W. S. Hamrick, a justice of the peace of Webster County, January 15, 1935, in an action of unlawful entry and detainer, for the possession of a tract of land and $25.00 damages for the unlawful withholding thereof. On that date, the defendant applied for an appeal, and tendered to the justice an appeal bond executed by herself, without security, in the penalty (fixed by him) of $100.00. The justice, refusing to accept the bond because it had not been signed by a surety, advised her that he would accept, in lieu of an appeal bond, a certified check for $100.00, payable to E. L. Cutlip, as general receiver of the circuit court. On the same day, she delivered to the justice the required check which he promptly deposited with the general receiver of the court. ''to secure costs, etc.,'' in the case. A day or two thereafter, counsel for Cummings advised the justice and the attorney representing the defendant that the check, in his opinion, would not serve the purpose of an appeal bond. The justice declining to note an appeal on his docket or transmit the papers in the case to the clerk of the circuit court, in accordance with section 5, article 15, chapter 50, Code 1931, the defendant presented her petition to the circuit court, May 23, 1935, for an order requiring the justice to certify the record. Upon a hearing of the petition, September 20, 1935, the defendant testified that after she had deposited the check with the justice he advised her that nothing more was required to perfect the appeal. The justice admits that he informed her the check would serve the purpose of an appeal bond, but claims that he apprised her of the statutory requirement (under chapter 35, Acts 1931) of depositing $5.00 to cover the fees of the clerk of the circuit court. An order was thereupon entered by the circuit court, treating the appeal as having been perfected and docketing the same for trial. Thereafter, the plaintiff applied to this court for a rule against the Honorable Jake Fisher, as judge of the circuit court of Webster County, to show cause why he should not be inhibited from proceeding further in the action.

Relator contends that the appeal was never perfected (1) because the check did not serve the purpose of an appeal bond, required by section 2, article 15, chapter 50, Code 1931;

and (2) for the reason that the defendant failed to deposit with the justice $5.00 to cover the fees of the clerk of the circuit court.

Section 12, article 15, chapter 50, Code 1931, permits a party appealing from the judgment of a justice to execute a new appeal bond when "the bond filed is insufficient, or the security doubtful"; and provides that no appeal from a justice shall be dismissed for failure of the justice to comply with any statutory requirement if the appellant has executed the required bond and done all necessary on his part to perfect the appeal, "and in no case shall any appeal from" a justice "be dismissed when it shall appear to the appellate court that injustice might be done to the appellant * * *," but in every such case "such appeal shall be docketed, heard and disposed of by such appellate court in accordance with the ordinary rules of law governing the trial of such cases, and under such other orders as the court may see fit to impose." The party appealing from the judgment of the justice may not deposit money or its equivalent in lieu of an appeal bond. 35 C. J. 757.

In view of the failure of the defendant in the action before the justice to tender a sufficient bond and deposit with the justice the sum of $5.00 to cover the fees of the clerk of the circuit court and the refusal of the justice to note the appeal on his docket or transmit the papers to the clerk of the circuit court, we are of opinion that, notwithstanding the remedial statute noted, the circuit court acted without jurisdiction in holding that an appeal had been perfected. If the defendant had been misled by the justice in believing that the appeal had been perfected, she should have filed her petition for appeal (under section 6, article 15, chapter 50, Code 1931) with the circuit court, or judge thereof in vacation, within ninety days after the date of the judgment.

The peremptory writ of prohibition will be awarded.

*Writ awarded.*

HATCHER, JUDGE, concurring in the result, but dissenting to one of the reasons given for the result:

I concur in the result but dissent to so much of the opinion

as makes the payment of $5.00 to the justice a requisite to the appeal. That ruling is based on *Van Faussen* v. *Kanawha Auto Loan Co.*, 114 W. Va. 552, 172 S. E. 716, which holds that in order for a losing litigant in a justice case to perfect an appeal, he must "deposit with the justice the sum of five dollars for fees on appeal," in addition to giving the statutory bond. In other words, that decision makes the deposit of the five-dollar fee *with the justice* jurisdictional on the appeal. That holding is based on Chapter 35 of the Acts of 1931, which fixes the rates for the many different services of the circuit clerk, and provides that the fees shall be *paid in advance* "by the parties for whom such services are to be rendered." There is no difference between the provision relating to the fee to be paid on a civil appeal and the provisions relating to the other fees, except the parenthetical phrase in the former "(appellant—to accompany transcript)." A parenthetical phrase is defined by Webster as one "by way of comment or explanation."

Code 1931, 50-15-1, expressly provides that "In all civil cases an appeal shall lie" upon the giving of the statutory bond. That bond secures the very fee in question. It does not seem reasonable that the legislature meant to deprive an appellant who has given bond, of his appeal, by a mere parenthetical reference to payment of a fee, *already secured*. The parenthetical phrase, to my mind, merely denotes the proper time and method to advance that fee. Payment at the proper time, and in the proper method, however, is not made jurisdictional; neither does the Act itself draw a deadline on the time of payment.

It should not be overlooked that the Act was designed to benefit the clerk, not the appellee. While the phrase "to accompany transcript" would indicate a legislative desire to speed the appeal, the phrase lacks an alternative provision, such as, "failure to deposit fee with justice terminates the right of appeal." That alternative is purely a judicial supplement. The Act commands the clerk to collect in advance and the litigant to pay in advance, but provides no penalty for the neglect of either. The Act is self-executing without a penalty this far: without payment in advance, the clerk

should not perform the service and the cause of the litigant should not be advanced. I can see no greater right in a court to supply a penalty omitted from a civil statute, than to supply a penalty omitted from a criminal statute. The latter is never done, where the common law imposed no penalty for the offense.

If the clerk's fees are paid in advance of services, what possible difference can it make whether the appellant pays the fee to the justice (who then sends it to the clerk along with the transcript) or to the clerk in advance of the arrival of the transcript or concomitant with its arrival, or even afterwards, if before service is rendered by the clerk and before opposition to the delay is registered by the appellee? In each hypothesis the purpose of the Act—payment in advance of service—is accomplished.

I find no more warrant in the Act for making payment in advance of the fee on civil appeals jurisdictional than payment in advance of any other clerk's fee. If payment in advance of all clerk's fees is to be held jurisdictional (and consistency so demands), the complications arising from that holding need but one illustration. The Act provides that if the number of witnesses exceeds five, the initial fee charged at the institution of the suit shall be supplemented by fifty cents for each additional witness. Suppose, during the heat of a trial, payment of that fee in advance of using the sixth witness should be overlooked, and the case should proceed to judgment. Nevertheless, that oversight would at once deprive the court of jurisdiction, and all further proceedings would be void. A result to be deplored.

The arguments advanced herein did not attract my attention (if made) in the *Van Faussen* case. Moreover, that case involved merely the effect of *a worthless check* given in payment of the clerk's fee; and it seems to me that the pronouncement therein that the fee must be deposited with the justice is *obiter* and not binding under the rule of *stare decisis*.