T. F. BOYCE *v.* FRANK BLACK, *Justice, and* RUSSELL YOUNG

(No. 8636)

Submitted September 1, 1937.   Decided June 28, 1938,

*Eakle & Eakle,* for petitioner.

*E. G. Pierson, Belknap & Fisher* and *Hines & Hall,* for respondents.

MAXWELL, PRESIDENT:

This is a proceeding in mandamus, under the original jurisdiction of this court, to compel Frank Black, a justice of the peace of Clay County, to issue an execution on a judgment in favor of the relator and against Russell Young.

On February 2, 1937, relator recovered a judgment, before the justice, against Young for the sum of $67.46 and $16.00 costs.   On February 5, 1937, Young filed with the justice an appeal bond which was approved as sufficient.   On February 24, within the time allowed by statute to the justice to forward a transcript of the proceedings before him to the clerk of the circuit court, Young paid to the justice $5.00 as a deposit for costs on appeal, and the justice thereupon transmitted the papers in the cause with a five-dollar deposit to the clerk of the circuit court.   On May 22, 1937, relator demanded of

the justice that he issue an execution on the judgment, which demand was refused. Thereupon this proceeding was instituted.

The contention of the relator is, that to perfect the appeal the appellant was required not only to file an appeal bond within ten days after the rendition of the judgment, but to deposit within that period the sum of $5.00 to accompany the transcript to the clerk's office; that the failure to deposit that sum within the stated period rendered the attempted appeal abortive; that the justice was never divested of his jurisdiction in the action; and that the issuance of an execution on the judgment, being a ministerial act, may be compelled by mandamus. These contentions are, in the main, based on Code, 59-1-11 (Acts 1931, Chapter 35), and the decision of this court in *Van Faussen* v. *Loan Co.*, 114 W. Va. 552, 172 S. E. 716.

It will be observed that the appeal bond was filed within ten days, and that the fee required by Code, 59-1-11, was paid to the justice before the transcript of the proceedings before him was transmitted to the circuit clerk, and accompanied the transcript. It would seem, therefore, that the requirement of Code, 59-1-11 was literally complied with. To grant the prayer of the petition would be to hold that in this and similar cases the fee deposited with the justice must have been so deposited within the ten-day period within which an appeal bond may be tendered, and twenty days before the justice is required to send the transcript to the clerk of the reviewing court. Such a holding would, in our judgment, be illogical, and not called for by the letter or spirit of the statute relied on. Nor do we think that the *Van Faussen* case is authority for that construction of the statute. The most that case holds is that the fee shall be filed with the justice and accompany the transcript.

The holding in the *Van Faussen* case has been modified in the case of *Wilfong* v. *Jackson*, 120 W. Va. 328, 198 S. E. 134, decided concurrently herewith, to which case reference is here made. The effect of that decision is to relax the strictness of the *Van Faussen* case rule.

As stated above the position asserted at bar by relator is not warranted by the *Van Faussen* case. With all the more reason it is not warranted under the modified holding in *Wilfong* v. *Jackson*.

Therefore, we refuse the peremptory writ.

*Writ refused.*