L. N. WILFONG v. TOM JACKSON

(No. 8665)

Submitted March 1, 1938. Decided June 28, 1938.

*S. A. Powell* and *Dewey S. Wass,* for plaintiff in error.

*I. M. Underwood,* for defendant in error.

MAXWELL, PRESIDENT:

This writ of error involves two orders of the circuit court of Ritchie County, the first dismissing out of court the instant case, which had originated before a justice of the peace who rendered judgment in favor of Wilfong and against Jackson for $300.00, and the second overruling a motion to set aside the dismissal.

Within the statutory period of ten days (Code, 50-15-2), after judgment had been rendered against him by the justice, Jackson tendered to that official an appeal bond which the latter approved and accepted; also, Jackson paid to the justice such costs as were taxed by him. Then, within the twenty-day period allowed by statute (Code, 50-15-5), the magistrate transmitted to the clerk the papers in the case. The clerk filed the papers in his office December 8, 1936. Thereafter, Jackson's attention being called to the fact that he had not deposited for clerk's costs the sum of $5.00 as required by Chapter 35 of the Acts of the Legislature 1931 (Code, 59-1-11), he paid that amount to the clerk February 2, 1937. A regular term of circuit court convened February 9, and at that term, on motion of Wilfong, the appeal was dismissed as improvidently awarded. Later

in the same term Jackson moved to set aside the order of dismissal. The motion was docketed, and, at a later term, was overruled. These two orders to which the writ of error is directed were under the respective dates of February 10 and June 25, 1937.

The ground of the court's dismissal is that there had been failure of compliance with the 1931 Act respecting the deposit of $5.00 for clerk's costs, the court being of opinion that the deposit should have been made with the justice and transmitted by him to the clerk along with the transcript.

The action of the court was based on the decision in the case of *Van Faussen* v. *Loan Co.,* 114 W. Va. 552, 172 S. E. 716, wherein we held: "To perfect an appeal a losing litigant in a justice's court must do two things: (1) file with the justice a bond as required by Code 1931, 50-15-2; and (2) deposit with the justice the sum of five dollars for fees on the appeal as required by chapter 35, Acts 1931 (Code 1932, 59-1-11)." In the case of *Bell* v. *Brown, Judge,* 116 W. Va. 484, 182 S. E. 579, the *Van Faussen* case was discussed and distinguished. In *Cummings* v. *Fisher, Judge,* 116 W. Va. 575, 182 S. E. 668, a writ of prohibition, awarded by this court, was grounded in part on the failure of compliance with the rule as stated in the *Van Faussen* case; but in the *Cummings* case, Judge Hatcher dissented "to so much of the opinion as makes the payment of $5.00 to the justice a requisite to the appeal." He expressed the view that, because of the narrow background of the *Van Faussen* case, much that was said therein was obiter and, therefore, under the rule of *stare decisis,* was not binding. In that case a bad check had been given by the appellant to the justice for deposit with the clerk. We held that when the bank returned the check unpaid to the clerk, he was warranted in immediately sending back the papers to the justice, and that the latter was then within his right in proceeding with the case as though no appeal had been attempted. Though the result in the *Van Faussen* case was plainly right, it now seems, in the light of further

consideration of the statute in question, that the exacting rule of procedure which we announced in that case, while clearly justifiable by the language of the statute, is harsher than is reasonably necessary to accomplish the purpose of the statute. That purpose, underlying, is to assure the payment of fees in advance to the clerk in appeal cases. Though the statute requires that the appellant's five-dollar deposit for the clerk shall "accompany transcript", the court has now reached the conclusion that there is sufficient compliance with the statute by an appellant if he makes such deposit with the justice, or, if he (appellant) pays the amount directly to the clerk after appeal bond has been approved and accepted by the justice, provided unreasonable time does not elapse. Until the payment is made, it would be the clerk's duty not to place the case on the court's trial docket. Procrastination in making the payment would result in the court's dismissal of the appeal and the remand of the case to the justice for further proceedings on the judgment from which an appeal had been sought.

To the extent that the *Van Faussen* case holds that the deposit of a five-dollar clerk fee with the justice, to be transmitted by him to the clerk, is a condition precedent to an appeal, that case is disapproved and overruled.

This relaxation of the rule of the *Van Faussen* case obviates the necessity of adhering to the seriously challenged holding, in effect, that the making of the deposit with the justice is a jurisdictional matter.

The awkwardness of the situation which has arisen and which we are in this decision trying to clarify, came about because of the uncertainty of phraseology in the 1931 legislative act.

For reasons above set forth, we reverse the circuit court's orders of February 10 and June 25, 1937, and remand the case for further proceedings.

*Reversed and remanded.*