JAMES BINGHAM v. SAMUEL SHADLE ET AL.

FILED MAY 2, 1895.   No. 6422.

1. **Appeal Bonds:** APPROVAL BY JUSTICE OF THE PEACE. An undertaking given for the purpose of appealing a case from a justice of the peace to the district court is approved by the justice, if he receives it, examines it, and expresses himself as " satisfied," and retains it in his custody.

2. **Alteration of Instruments.** Where a written instrument is altered by one not claiming under it, the party claiming under it may still enforce it so long as its original character is susceptible of proof.

3. **Appeal Bonds:** ALTERATION: LIABILITY OF SURETIES. Therefore, where, after an appeal undertaking had been approved by the justice, some of the sureties erased their names therefrom, this did not release them from liability, and consequently did not release their co-sureties, the obligee not knowing of or consenting to the change.

4. —— : ——.   The fact that the justice knew of the erasure was not material. It was beyond his power after approving the bond to deprive the obligee of his security.

ERROR from the district court of Custer county. Tried below before HOLCOMB, J.

Bingham v. Shadle.

*Henry M. Kidder*, for plaintiff in error.

*Judson C. Porter, contra.*

IRVINE, C.

This was an action by Bingham against Shadle and nine others, on an appeal undertaking in a case taken from a justice of the peace to the district court, the defendants being the sureties on the undertaking. The defense was that the bond was signed by each one under an agreement that all should sign, but that before approval the signatures of three of the defendants were erased, whereby it is claimed all were discharged. The case was tried to the court without a jury. The court found generally for the defendants, and then found specially that three of the defendants, before the bond was approved, erased their names therefrom with the knowledge and without objection on the part of the justice, and without the knowledge or consent of the other sureties. Judgment was entered for the defendants.

The facts appear without any material conflict in the evidence. The ten defendants signed the appeal undertaking. The appellant then delivered the undertaking to the justice, who received it, examined it, and expressed himself as "satisfied." Owing to the press of other business he laid the bond aside without indorsing his approval in writing thereon. Subsequently, three of the sureties came to his office, asked for the bond, and erased their names therefrom. The justice knew this fact. He thereafter indorsed his approval on the bond. On this evidence we think the learned district judge erred in finding that the erasures were made before approval. In *Asch v. Wiley*, 16 Neb., 41, an appeal bond had been presented to the county judge within the time required by law. It was received by him, filed and spread upon his docket. He afterwards indorsed upon it that it was not approved. This court held that if the justice did not intend to approve the

bond he should have refused to receive it and notified the appellant of that fact, and that his receiving the bond and filing it, and spreading it upon his docket, constituted an approval. This decision is in accordance with the great weight of authority elsewhere. In view of the reasons given we cannot regard the spreading of the bond upon the docket as an essential part of its approval. A paper is filed when it is delivered in due order to the proper officer for custody or such action as the law requires of him. (*Cook v. Hall*, 1 Gilm. [Ill.], 575; *King v. Wade*, 1 B. & Ad. [Eng.], 861; *Naylor v. Moody*, 2 Blackf. [Ind.], 247; *Gorham v. Summers*, 25 Minn., 81; *Fanning v. Fly*, 2 Cold. [Tenn.], 486.) This bond was therefore filed, and the justice's approval affirmatively given. The notation of the approval on the bond was only evidence of this fact, and it was proper to show by parol the precise time of approval. ( *Woodburn v. Fleming*, 1 Blackf. [Ind.], 4; *McCloskey v. Indianapolis Manufacturers' & Carpenters' Union*, 87 Ind., 20; *Williams v. McConico*, 25 Ala., 538.) The bond had, therefore, become a complete obligation before the names of the three sureties were erased. It was formerly the law that any material alteration, even though made by a stranger, avoided a written instrument; but the injustice and unreasonableness of this rule have led to its abandonment of late years. It is now the law that an instrument is avoided by a material alteration made by the person claiming under it. But where the change is made by a stranger, without the consent of the person claiming under the instrument, it is usually designated a spoliation or mutilation, and the intrument may still be enforced, so long as its original character is susceptible of proof. ( *Waring v. Smyth*, 2 Barb. Ch. [N. Y.], 119; *United States v. Spalding*, 2 Mason [U. S.], 482; *Medlin v. Platte County*, 8 Mo., 235; *Boyd v. McConnel*, 10 Humph. [Tenn.], 68; *Barrington v. Bank of Washington*, 14 S. & R. [Pa.], 405.) The fact that the justice knew of the erasure does not charge the plaintiff with no-

tice. The justice acted officially, and not as the plaintiff's agent. The bond was for the plaintiff's benefit, and it was beyond the power of the justice, after the bond became complete by approval, to rescind it, or by any act or consent of his to deprive the plaintiff of his security. If alteration by a stranger without the consent of the person entitled could not defeat the bond, *a fortiori* it could not be defeated by the act of the obligors themselves. These three sureties could not relieve themselves from a vested obligation by striking their names off the instrument; and it follows that if their obligation remained, the erasure of their names in nowise affected the bond, and was not material to the rights of their co-sureties. We think that the district court, under the facts proved, should have rendered judgment in favor of the plaintiff, against all the defendants before the court.

The conclusion reached seems at first to be contrary to the doctrine announced in *Martin v. Thomas*, 24 How. [U. S.], 315. But an inspection of that case shows that the signature to the bond there in question was erased with the consent of the obligee, and without the consent of the other obligors.

The case of *Smith v. United States*, 2 Wall. [U. S.], 219, was a case very similar to the present, except that the signature was erased before the bond was approved. The argument there was that the sureties were released because of that fact, and this contention was sustained by the court. It was clear in that case that the erasure having been made before the bond was approved, the surety who erased his name was not bound, and the court, following the rules in relation to suretyship, held that this was a material change in the contract, which released the other surety. But in that case the modern rule restricting the avoiding of instruments by alterations to such as are made by, or with the consent of, the person entitled was distinctly approved.

REVERSED AND REMANDED.