# CHARLESTON.

HOLMES v. YOKE *et al.*

Decided November 17, 1900.

APPEAL FROM JUSTICE—*Bond.*

    If a party to a judgment files a good and sufficient bond in
    the office of the justice who rendered the judgment within ten
    days thereafter, with the person in charge of the office during
    the temporary absence of the justice, he is entitled to his appeal
    as a matter of right, and no act of negligence on the part of
    the justice can deprive him of the same. (p. 268).

Error to Circuit Court, Tyler County.

Action by J. D. Holmes against A. J. Yoke and M. C.
Hagans. From a judgment dismissing an appeal from a justice,
defendants bring error.

*Reversed.*

McCOY & HANES, for plaintiffs in error.

ENGLE & RIGGLE, for defendant in error.

DENT, JUDGE:

This is a writ of error from a judgment of the circuit court of
Tyler County dismissing an appeal granted the defendants A. J.
Yoke and M. C. Hagans from a judgment of a justice against
them in favor of J. D. Holmes for the sum of one hundred
and forty-two dollars.

The plaintiff moved the circuit court to dismiss the appeal
as improperly granted, and the motion was sustained.

The record shows that the judgment was rendered on the 3rd
day of September, 1898, by default. On September 12, 1898,
the defendants executed and filed in the justice's office a bond
with security in the manner provided by law. The justice who
rendered the judgment at the time of the presentation of the
bond was absent from his office, but another justice who was
there in charge received the bond and approved it, subject to the
after approval of the absent justice, who afterwards, it does
not appear when, endorsed it approved, and sent the papers to
the circuit court. The appeal was there dismissed because the
justice made no order granting it, nor did it appear that the

justice temporarily in charge of the office had the legal authority to receive the bond and grant the appeal. This objection seems to be purely technical. The defendants when they filed in the proper justice's office, it matters not who was in custody thereof, a proper appeal bond with good security, were entitled to their appeal, because they had done everything the law required them to do. Anything further to be done was a matter for the justice, and he could not defeat the appeal by absenting himself from his office or failing to approve the bond or to make an order granting the same. All these things he could be compelled to do by *mandamus*. In this case the justice was made aware of the filing of the bond, approved the same, and granted the appeal. The plaintiff seems to think that the bond must be filed with the justice personally, because the statute uses the words, "filed with him." This undoubtedly includes the filing in his office with any agent of his that may be in charge thereof at the time for such is a filing with him. Of course it is subject to his approval, but if the bond be good, he cannot disapprove it, and if it be bad the party filing it without waiting his approval takes the risk thereof, and should he disapprove it too late for the filing of a new bond the appeal would be lost. The justice in charge of the office approved the bond as a satisfaction to the parties filing it, and not that it had any legal effect, for he does so subject to the approval of the absent justice, whom he was representing at the time.

The bond was in the control and custody of the absent justice within the ten days by being filed among the papers in his office, and endorsed approved. It is further objected that the bond is indefinite for want of a scroll opposite the name of one of the sureties. This objection, if at all tenable, can be corrected in the circuit court by the requirement of a new bond, under section 170, chapter 50, Code.

The judgment is reversed and case remanded for further proceedings.

*Reversed.*