SUMNER v. SWINK.

(Court of Civil Appeals of Texas. Dallas. Jan. 24, 1914. Rehearing Denied Feb. 14, 1914.)

1. PRINCIPAL AND SURETY (§ 101*)—CLAIM BOND—RELEASE OF SURETY—ALTERATION OF INSTRUMENT.

Where a constable, after receiving a claim bond, erased the name of one of the sureties thereon, and substituted another, such act was a mere spoliation by a stranger to the bond, and did not relieve the surety whose name was erased.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 169–180; Dec. Dig. § 101.*]

2. EXECUTION (§ 185*) — CLAIM BOND — ACCEPTANCE BY OFFICER.

Where a constable received a claim bond without objection, his act amounted to an approval of the sureties therein, and he had no authority to subsequently erase the name of one of such sureties, and substitute another.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 552–556, 558; Dec. Dig. § 185.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Hill County Court; J. D. Stephenson, Judge.

Action by A. D. Swink against J. F. Sumner. Judgment for plaintiff, and defendant appeals. Affirmed.

F. E. McKee, of Hillsboro, for appellant. N. J. Smith, of Hillsboro, for appellee.

RAINEY, C. J. A. D. Swink procured a judgment against Jim Vessells in the justice court, precinct No. 1, Hill county, for $115.60, interest and costs, by virtue of which an execution was issued and levied on property, which property was claimed by Ed Vessells, who filed claimant's oath and bond under the statutes, with J. D. Pounders and J. F. Sumner as sureties on the bond which was delivered to the constable, one McDaniel, who, after receiving the bond, and without the knowledge of Sumner or Swink, erased the name of Pounders from the bond, and substituted the name of W. L. Fair, who consented to such alteration. The constable then approved the bond, and filed it with the justice of the peace. Upon the trial of the rights of property, Sumner resisted liability on the ground of change of the bond, as above stated, and which change in the bond, as above stated, was established by the evidence. The justice of the peace rendered judgment against Ed Vessells and the sureties, Sumner and Fair, from which Sumner appealed to the county court. A trial in the county court resulted in a judgment against the same parties for $160 and costs, and Sumner appeals to this court.

[1] One proposition only is presented by the appellant, Sumner, and that is, that the bond having been altered by the constable in the manner stated, without the knowledge or consent of Sumner, relieves him of all liability thereon. It is held that, where the parties to an instrument alter it in any particular without the consent of another party thereto, as to the party not consenting such instrument becomes inoperative, and this is the rule as to the erasure and substituting of a surety. When, however, the alteration is made by a stranger to the instrument, or the name of a surety is changed, as in this instance, it will not relieve the surety whose name is erased, nor affect the validity of the instrument, and a recovery can be had upon the instrument as originally made. Such an alteration is regarded as a spoliation by a stranger.

[2] The evidence in this case shows the bond had been delivered to the constable. When he made the alteration it was in his custody, and was made without the knowledge of Sumner or Swink. He had no authority to erase the name of Pounders, nor make any change. If he did not wish to approve the bond with Pounders as surety, he should have declined to receive it. His receiving the bond without objection was, in effect, an approval, and his subsequent act of erasing Pounders' name without notice to the parties was unauthorized, and his act was that of a stranger, and the liability of Sumner was not affected thereby. State v. Berg, 50 Ind. 496; Robinson v. State, 60 Ind. 26; Peveler v. Peveler, 54 Tex. 53; Harrison v. Turbeville, 2 Humph. (Tenn.) 242; 2 Cyc. 155.

"It is now the law that an instrument is avoided by a material alteration made by the person claiming under it. But,. where the change is made by a stranger, without the consent of the person claiming under the instrument, it is usually designated a spoliation or mutilation and the instrument may still be enforced, so long as its original character is susceptible of proof." Bingham v. Shadle, 45 Neb. 82, 63 N. W. 143.

Under the circumstances the trial court did not err in holding Sumner liable, and the. judgment is affirmed.