# CHARLESTON

### WALTON v. ROSS.

Submitted January 19, 1915.   Decided January 26, 1915.

1. JUSTICES OF THE PEACE—*Judgment—Vacation—Appeal Bond.*

   The judgment of a justice is not vacated nor an appeal perfected by the mere production or tender of an appeal bond. While application and tender of a good bond gives absolute right of appeal, there must be action by the justice approving the bond and allowing the appeal; or on his neglect or refusal to act favorably thereon within ten days from the date of the judgment, such appeal must be applied for and allowed by the circuit court or the judge thereof in vacation, within ninety days from the date of such judgment. (p. 531).

2. SAME—*Judgment—Appeal—Execution.*

   Without appeal so perfected the judgment of the justice is not vacated but remains in full force, and a motion to quash an execution thereon, the proper remedy when the judgment has been vacated by perfection of an appeal, is properly overruled. (p. 533).

Error to Circuit Court, Doddridge County.

Action by T. F. Walton against George Ross. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*L. W. Chapman,* for plaintiff in error.

*A. F. McCue,* for defendant in error.

MILLER, JUDGE:

The judgment complained of, rendered on appeal from the judgment of a justice, denied the motion of Ross, on notice before the justice, to quash a certain execution number 4, issued on December 17, 1910, by Chapman, justice, upon a judgment rendered by Faris, justice, in favor of Walton against Ross, on May 15, 1909, for the sum of $150.00, and $41.80 costs.

A number of grounds are assigned in the notice and were argued orally and by briefs of counsel filed. But the sole and material question presented is, was there at the time of the execution a valid and subsisting judgment on which to found the same? That the judgment, recited in this execution, was rendered by justice Faris, on May 15, 1909, is not denied; but the proposition relied on, that there was no such judgment at the date of the execution, is predicated on the fact, shown by the record, that on the day of the judgment, defendant was present in person and by counsel, and, after judgment, prayed for an appeal, which was denied, and also tendered, or, as the record shows, produced a bond signed by himself and I. G. Carter, surety, which the justice decided was unnecessary, as the appeal had been denied. The justice's record also shows that defendant, though present at the trial, in person and by counsel, declined to introduce any evidence, and that after plaintiff had introduced his evidence, he suggested through his attorney that judgment be rendered against him, and then applied for the appeal, which was denied, on the ground that as the judgment was one by confession he was not entitled to an appeal.

The appeal bond is not in the record. Whether actually left with the justice does not appear. We have only the recital in the transcript that a bond was produced and signed,

as already stated. What its penalty was, or what its conditions or other provisions were does not appear. But it does distinctly appear, that an appeal was denied by the justice. But the bond was not approved by him, nor were the papers in the case transmitted by him to the circuit court. Nor is there any claim that Ross ever thereafter took any other or further steps to perfect his appeal, by mandamus, or application to the circuit court within ninety days, as prescribed by statute.

The propositions relied on for reversal are: First, that by the filing of the appeal bond, assuming that it was a good one, and prayer for an appeal, and regardless of the fact that an appeal was denied by the justice, the judgment was thereby vacated, and the whole case was thereby immediately transferred to the circuit court, for trial de novo, and that no judgment thereafter remained before the justice upon which execution could issue. Second, that there being no judgment remaining before the justice the motion to quash the execution was the proper remedy and should have prevailed.

On the first proposition section 164, chapter 50, serial section 2718, Code 1913, governing the subject, clearly contemplates action by the justice by approving or disapproving the bond, and allowance or disallowance of the appeal; and if the bond is not approved by him and he neglects or refuses within ten days from the date of the judgment, as prescribed by the statute, if the appellant has done his full duty as required by the statute, that the appellant shall within ninety days after the judgment obtain his appeal by petition or application to the circuit court. Clearly the statute requires action, by the justice within ten days, or by the circuit court in ninety days, by approval of the bond and allowance of the appeal. In the case at bar Ross simply produced to the justice an appeal bond, but failed to get favorable action thereon, and was advised by the judgment and order of the justice that an appeal was denied. Could he thereafter rest upon this action as the full discharge of his duty in the premises, and claim that the judgment against him had been finally superseded or vacated and the action against him thereby transferred to the circuit court for trial

de novo? We think not. He insists, however, on the authority of *Holmes* v. *Yoke,* 48 W. Va. 267, that such was the effect of his tendering or producing the bond. It is said in that case that the giving or tendering of such bond to the justice entitled applicant to an appeal, and that no act of negligence of the justice could deprive him of the same. But what were the facts in that case? The bond tendered had been approved, not at first by the justice who tried the action, who was absent, but by the justice in charge of the office, and after his return also by the justice who tried the case, and the papers were then sent to the circuit court.

In the circuit court the appeal was dismissed on the ground that the justice had made no order granting it, and it did not appear that the justice temporarily in charge of the office had legal authority to receive and approve the bond and grant the appeal. The judgment of the circuit court was reversed, and the case remanded for further proceedings. In that case, while there had been no final order of the justice allowing the appeal, the bond had been approved by the justice in charge, and subsequently by the other justice, and the papers were sent up as upon appeal, and the mere lack of a final order was not allowed to defeat the appeal, substantially allowed, by the action of the justice.

The case of *Home Sewing Machine Co.* v. *Floding,* 27 W. Va. 540, is also relied on. That case, as does the one first cited, construes the statute as giving an appeal as a matter of right, upon compliance therewith, by tendering a good bond; but if denied by the justice as giving cause for application to and allowance of the appeal by the circuit court or the judge in vacation. This clearly implies that if the justice denies the right and refuses to approve a good bond, the appeal must be perfected, by some subsequent action of the justice or of the circuit court. In *Holmes* v. *Yoke, supra,* Judge DENT says that mandamus will lie against the justice to compel compliance with his ministerial duty in approving a good bond and allowing an appeal; but would this not have to be done within the ten days allowed for such action by the justice? In *Lowther* v. *Davis,* 33 W. Va. 132, it was decided that the refusal of the justice within ten days to grant an appeal from his judgment constituted good ground

for allowance thereof on application, by the circuit court or judge thereof within ninety days; and in that case it is intimated by Judge SNYDER that the remedy given by statute is complete and adequate and is exclusive of the common law remedy by mandamus.

It is quite true as held in *Watson* v. *Hurry*, 47 W. Va. 809, and *Evans* v. *Taylor*, 28 W. Va. 188, cited, that the effect of an appeal from the judgment of a justice, is to vacate the judgment and transfer the case to the circuit court for trial de novo, regardless of the judgment of the justice. In such case, neither party can dismiss the appeal so as to reinstate the judgment of the justice. So after perfection of such appeal no judgment would remain before the justice upon which an execution could lawfully issue.

But with respect to the case at bar, as Ross failed to perfect an appeal in any of the modes allowed the judgment of the justice against him remained in full force, and never became vacated or superseded so as to prevent execution thereon, and we think his motion to quash, though the proper remedy, was properly overruled.

These conclusions call for affirmance of the judgment, and it will be so ordered.

*Affirmed.*