MIKE KASMAS *v.* ELMO BINI *and* CLARA KASMAS *v.* ELMO BINI.

(Nos. 7147 and 7148)

Submitted March 1, 1932.   Decided March 8, 1932.

*Thomas S. Hoffman,* and *W. F. Keefer,* for plaintiff in error.

*R. L. Ramsay, W. S. Wilkin,* and *Fred Stone,* for defendants in error.

Woods, Judge:

Elmo Bini complains of the action of the circuit court of Brooke county in dismissing his appeals from adverse judgments entered by a justice of said county on the sixteenth day of April, 1931, in two separate actions—one by Mike Kasmas and the other by Clara Kasmas. Said judgments were for $280.00 and $125.00, respectively.

The defendant attempted to give an appeal bond in each of said cases on the twenty-fifth of April. On the twenty-sixth, the justice informed the defendant that the bonds were insufficient, but that he would receive a surety company bond. Thereupon the defendant on Monday, April twenty-seventh, filed a surety bond in each case, both being acknowledged before the justice, who in his jurat included the statement "approved sufficient." A transcript from his docket together with the $10.00 docket fee, in each case was, on the twenty-eighth of April, transmitted to the clerk of the circuit court. On July seventeenth of the same year the circuit court, upon motion, dismissed each of said appeals, with the memorandum "The justice's transcript shows that he did not grant an appeal. It simply states "Bond approved and sent to clerk of circuit court with transcript. The motion to dismiss may be sustained."

While it might appear that the bond was given after the ten days provided for by statute, it would seem that the tenth day being a Sunday, would be excluded from the calculation, under the statute (Code 1931, 2-2-3), which provides: "The time within which an act is to be done shall be computed by excluding the first day and including the last; or if the last be Sunday, it shall also be excluded." The court will take judicial notice that the tenth day, to-wit, April twenty-sixth, fell upon a Sunday, and that the bond was given the following day. Thus it fell within the statute. 23 C. J. 164; *Lake Side Inn Corp.* v. *Commonwealth,* 134 Va. 696, 114 S. E. 769.

Should the justice have noted on his docket the granting of the appeal? Fortunately this is not a matter of first impression in this state. In the case of *Holmes* v. *Yoke,* 48 W. Va. 267, 37 S. E. 545, this Court held that if a party to a judgment files a good and sufficient bond in the office of the

justice who rendered the judgment, within ten days there-after, with the person in charge of the office during the temporary absence of the justice, he is entitled to his appeal as a matter of right, and no act of negligence on the part of the justice can deprive him of the same. True, in *Walton* v. *Ross*, 75 W. Va. 529, 84 S. E. 245, the Court held that the judgment of a justice is not vacated nor an appeal perfected by the mere production or tender of an appeal bond. That case is distinguished in the opinion from the *Holmes* case. In the latter, there was no approval of the bond, and it did appear that an appeal was denied by the justice. So, we are of opinion that the *Walton* case does not control here. Code 1931, 50-15-12, has the following proviso: "* * * Provided, that no appeal from any justice of the peace of any county of this state shall be dismissed on the account of any failure of any such justice to comply with any requirements of any statute relating to appeals from justices of the peace, if the appellant or appellants, have executed bond when such bond is required, and done all things necessary on his or their part to perfect said appeal."

Taking into consideration the quoted statute and our holding in *Holmes* v. *Yoke, supra,* we reverse the judgments of the circuit court dismissing said appeals, and reinstate the cases on the docket of said court, in order that a hearing may be had on the merits.

*Judgments reversed; Cases reinstated.*