LUCILLE WORLEY·v. D. M. EASLEY, *Judge, etc., et al.*

(No. 9156)

Submitted January 8, 1941. Decided January 28, 1941.

*Kingdon & Kingdon,* for relator.
*Wm. M. Holroyd,* for respondents.

LOVINS, JUDGE:

A petition for a writ of prohibition, original jurisdic-

tion, wherein Lucille S. Worley sought and obtained a rule directed to the Judge of the Circuit Court of Wyoming County and Ethel K. Lusk. The controversy arose out of an appeal pending in that court from the judgment of a justice.

The petitioner asserts, in substance, that she recovered a judgment for $84.00 before W. R. Haga, a justice of the peace in Wyoming County, on June 3, 1940; that within six days thereafter, the justice received at his office, in his absence, a paper ostensibly an appeal bond in sufficient penalty and bearing the signature of Lorenzo Lusk as surety; that at some time subsequent to the filing of said paper, petitioner objected to the approval of said bond on the ground that the defendant's husband was not a proper surety, and that there was no evidence disclosing the worth of the surety; that upon said objection, the justice made the following notation on the bond: "Bond not approved by me. W. R. Haga," and also a further notation on his docket: "Appeal noted and bond filed and not approved by me, with the following sureties, Lorenzo Lusk, surety"; that on July 6, 1940, having received the statutory deposit, the justice transmitted a transcript of his docket and the appeal bond to the circuit clerk, who docketed an appeal; and that on the 5th day of September, the petitioner caused an execution to issue against the defendant, under which levy was made and sale advertised but continued upon request of the defendant. The petitioner further asserts that the defendant, on September 23, 1940, and after the expiration of ninety days from date of judgment, moved the circuit court to grant an appeal, which motion was sustained. The petitioner contends that under Code, 50-15-6, the circuit court was without jurisdiction to grant an appeal after ninety days from date of judgment.

The respondents assert that at the time the justice rendered the judgment against her, counsel said an appeal would be taken, with Lorenzo Lusk as surety on the bond and that the justice indicated his approval; that on the 8th day of June, 1940, the bond bearing the signature

of Lorenzo Lusk as surety was filed in the office of the justice in his absence and that two or three days later the justice told counsel for defendant that he had received and approved the bond. Respondents argue that an appeal was in fact granted by the justice within ten days from date of judgment, and that regardless of recitals in the order of the circuit court, its action should be construed as taken under Code, 50-15-12, which permits the filing of a new bond.

Oral testimony of counsel for Ethel Lusk in support of the motion to grant an appeal was taken without objection. In this testimony, the witness Holroyd follows the allegations of respondents' answer herein stated. In addition, he stated that in answer to a question if the bond was "alright," the justice said: "Yes"; and that after the deposit of five dollars was made by him and accepted by the justice, nothing further was heard about the appeal until execution issued.

By replication and demurrer, the petitioner asserts that an appeal was not granted by the justice, and that any testimony to the contrary is directly contradicted by the justice's transcript and the order of the circuit court, entered on September 23, 1940. It is also alleged on belief that the justice told respondent Lusk or her counsel that the bond would be "alright" before any objection was made thereto by petitioner.

The order of the circuit court recites that "it appearing to the Court from the evidence of W. M. Holroyd this day taken in open Court that the said Ethel Lusk is entitled to it, it is hereby ordered that the said appeal be allowed at this time."

In civil cases, Chapter 50, Article 15, of the Code prescribes the procedure for appeals from justices. Of course, an appeal bond must be filed, "to be approved by the justice," within ten days from judgment, and the statutory deposit made within a reasonable time. *Wilfong* v. *Jackson,* 120 W. Va. 328, 198 S. E. 134. "There must be action by the justice approving the bond and allowing the appeal." *Walton* v. *Ross,* 75 W. Va. 529, 84 S. E. 245. This

would seem to narrow the question to what action of the justice will constitute approval of an appeal bond. We are mindful of the liberal provisions of Code, 50-15-12, designed to preserve the right of appeals from justices, as interpreted and applied by this Court in the case of *Kasmas* v. *Bini,* 111 W. Va. 687, 163 S. E. 442, and *Holmes* v. *Yoke,* 48 W. Va. 267, 37 S. E. 545. The statute, however, requires an appeal before its provisions operate, and, as stated in *Walton* v. *Ross, supra,* the mere production or tender of an appeal bond does not perfect the appeal.

Did the conduct of the justice in receiving the bond, filing the same, and telling counsel for defendant that the bond was "alright" constitute approval of the same? Also, what of the subsequent notations of the justice on his docket and on the bond itself that the bond was not approved? These questions, we believe, are of first impression in this jurisdiction.

This Court has stated in *Haller* v. *Bartlett,* 92 W. Va. 511, at 513, 114 S. E. 870, 871, that, upon the filing of an appeal bond, "it was the duty of the justice either to reject the bond and refuse the appeal before the expiration of ten days, or accept the bond and grant the appeal within that time * * *." In other jurisdictions, where the procedure for appeals from inferior tribunals is similar to that prescribed by our statutes relating to appeals from justices, the following quotations from decisions bearing on the approval of appeal bonds are persuasive.

"The acceptance by a justice of the peace of an appeal bond, marking it filed and expressing his satisfaction with the security, amounts to an approval of such bond." *Smith* v. *Ammen,* 101 Ill. App. 144. "Where an appeal is sought to be taken from the judgment of a county judge, and the appellant files his appeal bond in the proper amount, with two sureties, within the time required by law, the acceptance of such bond by the county judge, and spreading it upon the docket, is a sufficient approval of the bond, unless the party desiring to take the appeal is notified of the fact that the county judge refuses to approve the bond and sureties." *Asch* v. *Wiley,* 16 Neb.

41, 20 N. W. 21. This latter holding was followed by the same court in *Bingham* v. *Shadle,* 45 Neb. 82, 63 N. W. 143, wherein it was held that "An undertaking given for the purpose of appealing a case from a justice of the peace to the district court is approved by the justice if he receives it, examines it, and expresses himself as 'satisfied' and retains it in his custody." In *Winner & Meyer* v. *Williams,* 82 Miss. 669, 35 So. 308, where the approval of the justice was not endorsed on the appeal bond until after the expiration of the time limit for the filing of the same with the justice, it was held that "Tendering an appeal bond to a justice in due time, and reading the names of the sureties, their sufficiency being unquestioned, and the justice's approval stated, constituted a legal filing of the bond, which the justice could not afterwards invalidate." *Miller* v. *O'Reilly,* 84 Ind. 168, holds that formal endorsement of approval on the bond is unnecessary where the same has been accepted and that "a justice of the peace can not recall his acceptance of an appeal bond."

Under the facts of the case under consideration, we are of opinion that an appeal was perfected before the justice within ten days from date of judgment by the tender of a bond in sufficient penalty, followed by the justice's expression of satisfaction, the notation on the transcript that the bond had been filed and the acceptance of the statutory deposit for an appeal. No notice of disapproval of the bond was given to Ethel K. Lusk or her counsel. It is repugnant to a sense of right that a judicial act once completed can be revoked without notice to an interested party who is prejudiced by such revocation. Any objectionable features as to the insufficiency of the amount of the bond or the surety could have been remedied, under Code, 50-15-12, without affecting the appellant's right to be heard. From the oral statement of the court, which appears in a transcript of the evidence heard therein in support of defendant's motion, and which transcript is filed as a part of respondents' answer in this proceeding, it appears that the lower court expressed an intention to act under the statute last cited but its order

duly entered, says without ambiguity, that *an appeal* is granted as of that date.

Clearly, under Code, 50-15-6, the circuit court had no jurisdiction to grant an appeal on September 23, 1940, from the judgment of a justice rendered on June 3, 1940. It requires no citation of authority to say that a court speaks only through its orders. The oral pronouncement of the court cannot affect the situation. *Frost* v. *Dist. Ct.*, 96 Utah 106, 83 P. (2d) 737.

It is our conclusion that an appeal was actually granted by the justice, and that the Circuit Court of Wyoming County has jurisdiction to permit the giving of a proper bond, Code, 50-15-12, but that no appeal could be granted, as attempted by the court's order, after the expiration of ninety days from the date of the judgment. Code, 50-15-6. Therefore, the writ peremptory is awarded as to the order of the Circuit Court of Wyoming County entered on the 23rd day of September, 1940, but the effect of the writ is restricted so as to permit further proceedings in said court based upon the appeal granted by the justice.

*Writi peremptory awarded.*