# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2020 Term

_____

No. 19-0939

_____

IN RE: I.S.A.

**FILED**

**November 18, 2020**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Tod J. Kaufman, Judge
Civil Action No. 19-P-331

**VACATED AND REMANDED**

_____

Submitted: October 14, 2020
Filed: November 18, 2020

Mark A. Sadd
Anna G. Casto
Lewis Glasser PLLC
Charleston, West Virginia
Attorneys for the Petitioner, I.S.A.

Patrick Morrisey
Attorney General
Scott E. Johnson
Assistant Attorney General
Karen Villanueva-Matkovich
Deputy Attorney General
Charleston, West Virginia
Attorneys for the Respondent,
State of West Virginia

JUSTICE JENKINS delivered the Opinion of the Court.

JUSTICE WORKMAN concurs and reserves the right to file a concurring opinion.

CHIEF JUSTICE ARMSTEAD dissents and reserves the right to file a dissenting opinion.

1.      "This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion."  Syllabus point 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017).

2.      "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."  Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

3.      "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."  Syllabus point 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

4.      "A statute that is ambiguous must be construed before it can be applied."  Syllabus point 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

5.      The mere existence of a pretrial diversion agreement between (1) a prosecuting attorney of any county of this state or a person acting as a special prosecutor and (2) a person under investigation or charged with an offense against the State of West Virginia, entered into in accordance with West Virginia Code § 61-11-22 (eff. 2010), is not

evidence that a plea of guilty or nolo contendere has been entered by the person who was under investigation or charged with an offense. The agreement is evidence of the entry of such a plea only where it includes a provision requiring a plea of guilty or nolo contendere.

**Jenkins, Justice:**

In this appeal, we are asked to decide whether the Circuit Court of Kanawha County erred by denying a petition to expunge a criminal record based upon its finding that the petitioner below, I.S.A.,[1] who is also the petitioner on appeal, was barred from seeking expungement by operation of West Virginia Code § 61-11-25(a) (eff. 2012) due to a purported plea of guilty entered by I.S.A. in exchange for the dismissal of another charge. We are further asked to determine whether the circuit court erred in rendering its decision in this particular matter without first holding a hearing. Having considered the parties' briefs, their oral arguments, the appendix record, and the relevant law, we find that the circuit court erred in ruling that I.S.A. was barred from seeking expungement, as there is nothing in the record establishing that he entered a plea of guilty. Furthermore, we find that, due to the circuit court's misapprehension of the record before it, and the lack of evidentiary support for the circuit court's alternate conclusion that it is contrary to the public interest and public safety to grant I.S.A.'s petition for expungement, a hearing in this particular matter was warranted. Accordingly, we vacate the circuit court's order in full and remand this case for additional proceedings consistent with this opinion.

---

[1] In accordance with West Virginia Rule of Appellate Procedure 40(e)(1), which requires the use of "[i]nitials or a descriptive term . . . instead of a full name in . . . cases relating to expungements," we refer to the petitioner by his initials.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

On February 25, 2017, I.S.A. was arrested by an officer of the Charleston, West Virginia, Police Department and charged with the felony offense of wanton endangerment involving a firearm in violation of West Virginia Code § 61-7-12 (eff. 1994).[2] I.S.A. worked at a convenience store in the East End of Charleston. The arrest was predicated on the allegation that I.S.A. chased a shoplifter from the store and fired a 9 millimeter handgun in an attempt to get the shoplifter to stop fleeing.[3] The allegations contained in the criminal complaint filed by the officer were based upon video surveillance viewed at the store and a statement given by I.S.A. after he was Mirandized. Neither the video nor the statement is included in the record. Furthermore, according to the complaint,

---

[2] Pursuant to West Virginia Code § 61-7-12 (eff. 1994),

> [a]ny person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another shall be guilty of a felony, and, upon conviction thereof, shall be confined in the penitentiary for a definite term of years of not less than one year nor more than five years, or, in the discretion of the court, confined in the county jail for not more than one year, or fined not less than two hundred fifty dollars nor more than two thousand five hundred dollars, or both.

[3] The arresting officer averred in the criminal complaint that it was unclear whether I.S.A. fired his weapon into the air, as he claimed, or fired it in the direction of the shoplifter.

several individuals were outside at the time of the incident, including a KRT bus driver. However, the record does not include a statement from any bystander.

Although no written agreement is included in the record, I.S.A. apparently reached some type of pretrial arrangement with the assistant prosecuting attorney ("APA") who was assigned to his case regarding the dismissal of the felony charge.[4] On March 10, 2017, the APA filed in the Magistrate Court of Kanawha County a motion to dismiss the felony charge against I.S.A. The ground given for the motion was "per pretrial agreement." On the same day, the APA filed a criminal complaint charging I.S.A. with the misdemeanor offense of unlawfully discharging a firearm across a public road of this state in violation of West Virginia Code § 20-2-58 (eff. 2016).[5] The magistrate court entered an order, also

---

[4] The absence of a written agreement, or the failure to include in the record any written agreement, that may have been executed between I.S.A. and the APA pertaining to the dismissal of the felony charge could very well have contributed to the confusion in this case as to the nature of that agreement and I.S.A.'s obligations thereunder. While the pretrial diversion order, discussed *infra*, was entered on the same day and is included in the record, it does not appear to be the agreement referenced in the motion to dismiss insofar as it contains no provision relating to the dismissal of the felony charge or any other charge.

[5] Under the relevant portion of West Virginia Code § 20-2-58 (eff. 2016):

(a) In addition to any other prohibitions which may exist by law, it shall be unlawful for any person to shoot or discharge any firearms:

(1) Across or in any public road in this state, at any time;

. . . .

3

on March 10, 2017, that granted the APA's motion to dismiss the felony offense charged against I.S.A. The dismissal order contains the notation "[p]lead to misd" and references the case number assigned to the misdemeanor complaint filed against I.S.A. by the APA.

An additional document that also was entered on March 10, 2017, in the misdemeanor case, and that is the crux of this appeal, is a pretrial diversion order signed by the magistrate judge, the APA, I.S.A., and counsel for I.S.A. Contrary to the magistrate court order granting the APA's motion to dismiss the felony offense, which contained a notation indicating that I.S.A. entered a plea to the misdemeanor charge, there is nothing in the pretrial diversion order indicating that I.S.A. had entered, or would be required to enter, a plea. In fact, the terms of the pretrial diversion order indicate there was no plea. According to the order, "[t]he State of West Virginia along with the Defendant, agree to place the above-listed case[] [the misdemeanor case] on a Pre-Trial Diversion Program, in accordance with W. Va. Code § 61-11-22[.]" The agreement specified that I.S.A. would be required, for a period of six months, to comply with various terms and conditions set out in the order, which included: (1) that he refrain from violating federal, state, or local law; (2) that he notify his counsel if he changed his place of residence or violated the agreement; and (3) that he refrain from socializing with convicted felons. He also agreed

(b) Any person violating this section is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than $50 nor more than $500 or confined in jail for not more than one hundred days, or both fined and confined.

4

to pay $160.25 in court costs within six months of the date the order was entered. Additionally, if I.S.A. violated any of the conditions of the agreement, he could be prosecuted for the misdemeanor. Finally, the agreement provided that

> [i]f, upon expiration of the specified period, it is determined that you have complied with all the rules, regulations[,] and conditions heretofore set forth, *no prosecution for the violation set forth . . . in this agreement of the above-listed case number[] will be instituted and the above-listed case number[] will be dismissed.*

(Emphasis added). Upon completing the terms of the pretrial diversion order, I.S.A. filed, on September 13, 2017, as a self-represented litigant, a form motion to dismiss the misdemeanor charge. Shortly thereafter, on September 27, 2017, a second form motion seeking dismissal of the misdemeanor charge was filed.[6] The "[r]uling" portion of the second form motion was checked "[g]ranted" and signed by the magistrate judge on the same day the motion was filed.

Subsequently, I.S.A. filed three separate petitions seeking to have the previously dismissed felony charge expunged from his record. The first two petitions for expungement, which were both denied without a hearing, are not before this Court. On August 20, 2019, I.S.A. filed, as a self-represented litigant, his third petition for expungement of his dismissed felony charge. As with the first two petitions, the third one

---

[6] On appeal, I.S.A. describes this motion as a joint motion to dismiss by the Kanawha County Prosecuting Attorney's Office, through its APA, and I.S.A., through his counsel. However, the motion contains only one illegible signature and a box is checked indicating that only the State was making the motion.

was denied by the circuit court without a hearing. By order entered on September 13, 2019, the circuit court gave dual grounds for denying the petition. The circuit court first found that "it is clear from the record that [I.S.A.] exchanged an initial and temporary guilty plea to the misdemeanor charge . . . in exchange for the dismissal of the felony charge." Accordingly, the circuit court concluded that I.S.A. was statutorily barred from seeking expungement of the misdemeanor charge pursuant to West Virginia Code § 61-11-25(a), under which a person can seek expungement for certain charges that have been dismissed when the dismissal was "not in exchange for a guilty plea to another offense." As a second ground for denying the petition, the circuit court found that "[i]t is contrary to the public interest and public safety to grant the *Petition for Expungement* due to the serious nature of the charged event and the potentially deadly consequences to either the shoplifter, or any innocent bystander, like the KRT bus driver who was nearby." This appeal by I.S.A. followed.[7]

---

[7] After the notice of appeal in this case was filed, but before I.S.A. filed his appellate brief, this Court received a document titled "Response of Judge Tod J. Kaufman, Judge of the Circuit Court of Kanawha County." As the State has noted in its response brief, a response from the circuit court judge who decides a case that is before this Court on appeal is not contemplated by the Rules of Appellate Procedure. Furthermore, such a filing is not proper insofar as it has long been recognized that "a paramount principle of jurisprudence [is] that a court speaks only through its orders." *Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006). *See also State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973) ("A court of record speaks only through its orders."); *Worley v. Easley*, 123 W. Va. 1, 6, 13 S.E.2d 158, 160 (1941) ("It requires no citation of authority to say that a court speaks only through its orders."). Indeed, "[i]n our adversarial system of jurisprudence, the judge is not a party, he is the referee." *State ex rel. Skinner v. Dostert*, 166 W. Va. 743, 757-58, 278 S.E.2d 624, 634 (1981). Accordingly, the filing by the circuit court judge was not considered by this Court in deciding this case, and we discourage any such filings in the future.

## II.

### STANDARD OF REVIEW

When presented with an appeal from an order denying a petition for expungement, we apply an abuse of discretion standard. "This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017). To the extent that we are called to interpret statutory provisions to resolve the issues herein raised, our consideration is plenary. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). With due regard for these standards, we consider the merits of this appeal.

## III.

### DISCUSSION

I.S.A. raises three assignments of error. First, he claims that the circuit court plainly erred in finding that his felony charge was dismissed in exchange for his plea of guilty to the misdemeanor charge, which, in turn, barred him from seeking expungement. Next, he argues that the circuit court's refusal to acknowledge that a pretrial diversion agreement is not a plea deal was an abuse of discretion. Finally, he argues that the circuit court abused its discretion in failing to hold a hearing in this matter. We address the first two issues together, as they both relate to the circuit court's ruling that I.S.A. is barred from

7

seeking expungement due to a plea agreement. We will then address the circuit court's failure to conduct a hearing.

### A. Existence of a Plea

The statute under which I.S.A. seeks expungement provides, in relevant part, that

> [a]ny person who has been charged with a criminal offense under the laws of this state and who has been found not guilty of the offense, *or against whom charges have been dismissed, and not in exchange for a guilty plea to another offense*, may file a civil petition in the circuit court in which the charges were filed to expunge all records relating to the arrest, charge[,] or other matters arising out of the arrest or charge . . . .

W. Va. Code § 61-11-25(a) (emphasis added). Based upon this provision, the circuit court concluded that I.S.A. was barred from seeking expungement. I.S.A. first argues that the circuit court abused its direction by finding, in its order of September 13, 2019, that he had exchanged the dismissal of the felony charge against him for a guilty plea to a misdemeanor charge, and by refusing to acknowledge that a pretrial diversion agreement is not a plea deal. Additionally, I.S.A. contends that these are not only errors of material fact, but they also leave permanent inaccuracies in his public record. The State does not address this issue.[8]

---

[8] Instead, the State argues that, because the circuit court gave alternate grounds for denying expungement, and I.S.A. has appealed only one of those grounds, this case should be dismissed. We address this issue in our discussion of whether the circuit court erred in failing to conduct a hearing. In addition, citing cases from other jurisdictions, the State alternatively contends that we should dismiss this appeal as barred by res judicata,

8

We agree that the circuit court erred and abused its discretion in this case. First, we find nothing in the relevant diversion statute, West Virginia Code § 61-11-22 (eff. 2010), that mandates a guilty plea. When this Court examines a statutory provision, we are mindful that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). Thus, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). Nonetheless, "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

According to West Virginia Code § 61-11-22(a),

> [a] prosecuting attorney of any county of this state or a person acting as a special prosecutor may enter into a pretrial diversion agreement with a person under investigation or charged with an offense against the state of West Virginia, when he or she considers it to be in the interests of justice.

While this statute allows for a plea to be part of a pretrial diversion agreement, it does not require that the agreement include a plea:

> A person who has entered into an agreement for pretrial diversion with a prosecuting attorney and who has successfully complied with the terms of the agreement is not subject to

---

even though res judicata was not raised below. It does not appear that this Court has ever applied res judicata in the first instance on appeal, and we decline to do so in this case. *See*, Syl. pt. 2, *Sands v. Sec. Tr. Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.").

9

prosecution for the offense or offenses described in the agreement or for the underlying conduct or transaction constituting the offense or offenses described in the agreement, *unless the agreement includes a provision that upon compliance the person agrees to plead guilty or nolo contendere to a specific related offense*, with or without a specific sentencing recommendation by the prosecuting attorney.

W. Va. Code § 61-11-22(c) (emphasis added). This language contains no ambiguity, and there is nothing therein requiring a person who has entered into a pretrial diversion agreement to plead guilty or nolo contendere to the offense that is the subject of the agreement, or to any related offense. In fact, this Court has previously recognized that, unlike a plea of guilty, a pretrial diversion agreement, in general, is not a conviction:

As one legal treatise noted, pretrial diversion agreements, also known as deferred adjudication agreements, are not convictions:

Deferred adjudication is not a conviction or a finding or verdict of guilt, but is a type of community supervision. A deferred judgment is akin to a sentence of probation . . . . In granting deferred adjudication the court defers further proceedings and places the defendant on community supervision without entering an adjudication of guilt. The purpose of statutory authority to withhold judgment and ultimately to dismiss a charge is to provide an opportunity for rehabilitation and to spare the defendant, particularly a first offender, the burden of a criminal record.

22A C.J.S. Criminal Law § 558 (2015) (internal footnotes omitted).

*State v. Williams*, 236 W. Va. 130, 136-37, 778 S.E.2d 579, 585-86 (2015). *See also*

*Tomashek v. Raleigh Cty. Emergency Operating Ctr.*, 344 F. Supp. 3d 869, 874-75 (S.D.

10

W. Va. 2018) (commenting that "a pretrial diversion agreement under West Virginia law is a means of *avoiding* a judgment of criminal guilt—the opposite of a conviction in a criminal action."); *Parrish v. Auto Detailing by Me, LLC*, No. 5:12-cv-03759, 2014 WL 1153735, at *3 n.7 (S.D. W. Va. Mar. 20, 2014) ("[P]retrial diversion does not involve an adjudication of guilt; charges are dismissed after a period of time if a defendant successfully completes a period of supervision."). Accordingly, we now hold that, the mere existence of a pretrial diversion agreement between (1) a prosecuting attorney of any county of this state or a person acting as a special prosecutor and (2) a person under investigation or charged with an offense against the State of West Virginia, entered into in accordance with West Virginia Code § 61-11-22, is not evidence that a plea of guilty or nolo contendere has been entered by the person who was under investigation or charged with an offense. The agreement is evidence of the entry of such a plea only where it includes a provision requiring a plea of guilty or nolo contendere.

I.S.A.'s pretrial diversion order contained no requirement that he enter a plea of guilty. In fact, the terms of the pretrial diversion order reflect that no plea was entered. One term provided that, should I.S.A. "violate the condition [sic] of this agreement during the specified time period, the Kanawha County Prosecuting Attorney may void this agreement *and proceed to prosecute you* in the [the misdemeanor case]." (Emphasis added). Under another term, "[n]either this agreement nor any other document filed with the Kanawha County Prosecutor's Office, as a result of this agreement, will be used against you, except for impeachment purposes, in connection with *any prosecution for* [the

11

misdemeanor case]." (Emphasis added). Finally, according to I.S.A.'s pretrial diversion order,

> [i]f, upon expiration of the specified period, it is determined that you have complied with all the rules, regulations[,] and conditions heretofore set forth, *no prosecution* for the violation set forth herein in this agreement [sic] of the [misdemeanor case] *will be instituted* and [the misdemeanor case] *will be dismissed*.

These terms simply make no sense if I.S.A. had entered a plea of guilty. Therefore, the circuit court's finding that I.S.A. pled guilty to the misdemeanor in exchange for the dismissal of the felony charge is plainly wrong absent other evidence in the record demonstrating the existence of such a plea.

We have closely examined the joint appendix record submitted in this case and have found no clear evidence that I.S.A. entered a guilty plea to the misdemeanor charge that was the subject of the pretrial diversion agreement. For example, before a magistrate judge may accept a plea of guilty or no contest from a defendant, the judge must receive a form signed by the defendant containing certain information.[9] No such form is

---

[9] According to Rule 10(d) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia, "[b]efore accepting a plea of guilty or no contest, the magistrate *shall receive* from the defendant, on a form provided by the magistrate, a statement signed by the defendant acknowledging that the magistrate has addressed the matters set forth in sections (b) and (c) of this rule." (Emphasis added). Under subsections (b) and (c) of this rule:

> (b) *Advice to Defendant*. — Before accepting a plea of guilty or no contest, the magistrate must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) If the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

(3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, and the right to call witnesses; and

(4) That if a plea of guilty or no contest is accepted by the magistrate there will not be a further trial of any kind, so that by pleading guilty or no contest the defendant waives the right to a trial; and

(5) That upon a plea of guilty or no contest, the magistrate may question the defendant under oath, on the record, about the offense to which he or she has pleaded, and that the defendant's answers may later be used against him or her in a prosecution for false swearing.

(c) *Ensuring That the Plea Is Voluntary*. — The magistrate shall not accept a plea of guilty or no contest without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The magistrate shall also inquire as to whether the defendant's willingness to plead guilty or no contest results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

W. Va. R. Crim. P. Mag. Cts. 10(b) & (c). Moreover, I.S.A. could not have withdrawn a guilty plea entered in the magistrate court insofar as "[a] magistrate may neither entertain nor grant a motion to withdraw a plea of guilty or no contest." W. Va. R. Crim. P. Mag. Cts. 10(e).

in the record in this case. We observe that the magistrate court's criminal judgment order that dismissed the felony charge against I.S.A. does contain the notation "[p]lead to misd" along with the case number for the misdemeanor charge against I.S.A. However, without any other evidence of record that such a plea was entered, we must assume this notation was in error.

This Court has recognized that "[a] trial court abuses its discretion if its ruling is based on an erroneous assessment of the evidence or the law." *Bartles v. Hinkle*, 196 W. Va. 381, 389, 472 S.E.2d 827, 835 (1996). *See also Gentry v. Mangum*, 195 W. Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995) ("In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them."). Because neither the pretrial diversion agreement nor the joint appendix record in this case reflect that I.S.A. entered a plea of guilty in relation to the misdemeanor charge, we find that the circuit court plainly erred and abused its discretion by finding that such a plea existed and barred I.S.A. from seeking expungement under West Virginia Code § 61-11-25(a). We next address whether the circuit court erred in failing to conduct a hearing to consider I.S.A.'s petition to expunge the dismissed felony charge from his public record.

## B. Hearing

I.S.A.'s final assignment of error is that the circuit court abused its discretion by refusing to conduct a hearing before denying the petition for expungement. I.S.A. contends that, given the circuit court's erroneous factual findings, he was never afforded the chance to create a proper record. We agree that I.S.A. is entitled to a hearing in this case, but for a different reason.

In addition to finding I.S.A. was barred from seeking expungement based upon its erroneous finding that a guilty plea had been entered, the circuit court additionally found that "[i]t is contrary to the public interest and public safety to grant the Petition for Expungement due to the serious nature of the charged event and the potentially deadly consequences to either the shoplifter, or any innocent bystander, like the KRT bus driver who was nearby." The State argues that, because I.S.A. did not appeal this alternate ground, this case should be dismissed. However, we disagree insofar as there is inadequate evidentiary support for this conclusion in the current record. When the circuit court entered this ruling, it was under the misapprehension that I.S.A. had entered a plea of guilty and thereby had admitted his guilt. Because, as we establish above, this ruling was erroneous, there are no established facts on the record to support a finding that I.S.A. committed the acts as alleged and that granting his request for expungement would, therefore, be contrary to the public interest and public safety. Due to the absence of evidentiary support for the circuit court's alternate ground for denying expungement, we find this ruling, too, "is based on an erroneous assessment of the evidence," *Bartles*, 196 W. Va. at 389, 472 S.E.2d at

15

835, and, therefore, was an abuse of the circuit court's discretion. Due to the lack of evidentiary support for the circuit court's ruling, we find that, under the particular circumstances presented in this case, a hearing is warranted.[10]

## IV.

## CONCLUSION

Based upon our conclusions that the circuit court abused its discretion in finding that I.S.A. entered a plea of guilty and was, therefore, barred from seeking expungement; in finding, without evidentiary support, that granting I.S.A.'s request for expungement is contrary to the public interest and public safety; and in failing to hold a hearing under the particular circumstances presented by this case, we vacate the circuit court's order of September 13, 2019, in its entirety and remand this case for additional proceedings consistent with this opinion.

Vacated and Remanded.

---

[10] Our ruling is based upon the particular facts of this case, including the erroneous and factually unsupported findings of the circuit court. This case should not be interpreted as requiring a hearing with respect to all petitions seeking expungement.

16